[No. 4179. Decided July 16, 1902.]

NANCY E. KUHL, *Appellant,* v. PETER LIGHTLE *et al.,*
*Respondents.*

VENDOR AND PURCHASER — ADVERSE INTERESTS — NOTICE.

A purchaser of land with actual knowledge that a portion thereof is in the occupancy of other parties than the grantor has notice sufficient to put him on inquiry as to the rights of such occupants, and is bound to inquire both as to their tenure and the quantity of land held thereunder, although such occupants may be in possession of an unenclosed tract under an unrecorded deed.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*W. T. Dovell,* for appellant.

*Oscar Cain,* for respondent.

PER CURIAM.—In 1876 John Hendricks and wife, being then the owners of a tract of land in Walla Walla

county containing two hundred acres, conveyed about one acre thereof to School District No. 18, for school purposes. The acre tract was taken from the north side of the two hundred acre tract in nearly a square form, being twelve rods wide and thirteen rods long. The deed of conveyance was not recorded until November 30, 1889. Immediately after the conveyance was executed, the school district entered into possession of the acre tract, and as early as the following year erected a school house thereon, and from that time down to the present time has continuously maintained a school house thereon, in which it has held in each year a public school of terms varying in length from three to six months. On December 2, 1879, Hendricks and wife conveyed the two hundred acre tract to one Drinkwater, who on May 24, 1883, conveyed it to one Clodius, who in turn, on December 3, 1898, conveyed it to the appellant, Nancy E. Kuhl. In these several conveyances, no mention is made of the deed to the school district, but the two hundred acre tract is described as if the school tract was still a part thereof. The school tract seems never to have had any fixed or permanent fence surrounding it, and it appears that neither Drinkwater nor Clodius had at the time of their several purchases any knowledge of the quantity of land the school district claimed. In farming the surrounding lands, the several owners thereof, commencing with Drinkwater, gradually encroached upon the acre tract by plowing across the corners thereof and putting the same into crops in connection with the adjoining field. About one-fourth of the acre tract was thus used. Just prior to the commencement of this action the school district undertook to fence the entire acre, when the appellant sought by this action to enjoin them from so doing, or from fencing any more thereof than was not included in the

cultivated portion.   The trial court found for the respondents.

The appellant does not claim against the school district by adverse possession.   She contends that, as her immediate predecessors in interest purchased without notice of the school district's unrecorded deed, they had title to all of the land included in their deeds of which the school district did not have open, notorious, and exclusive possession, and could and did convey such title to her.   But we cannot think the rule so broad as counsel has stated it. The predecessors in interest of appellant had notice that the school district had possession of a part of the lands they were contemplating purchasing prior to the time they made their purchases.   They had knowledge that it had erected a school house thereon, in which it maintained a public school.   This was notice sufficient to put them on inquiry as to the rights of the district.   They were bound to inquire, not only by what tenure the district held, but the quantity of land it held.   If they failed to do so, it was their fault, and neither they nor their successor in interest can claim they were purchasers without notice.   *Dennis v Northern Pacific Ry. Co.*, 20 Wash. 331 (55 Pac. 210).

The judgment is affirmed.