## Livingston County Telephone Company v. Samuel H. Herzberg, et al., for use, etc.

### Gen. No. 4,468.

1. LEASE—*when assignment of, without lessor's consent, valid.* A provision in a lease prohibiting an assignment thereof without the consent of the lessor, is for the benefit of the lessor only, and may be waived by him, and in the event of such waiver an assignment without his assent is valid.

2. LEASE—*when execution of, cannot be questioned.* In an action for rent based upon a lease, an assignment thereof cannot be questioned in the absence of a plea denying the same, where the declaration sets up the lease and assignment, notwithstanding the assignment was not in writing.

3. RENT—*covenant to pay, runs with the land.* A covenant to pay rent is one which runs with the land, and whoever becomes the owner of the leasehold through the lessee, is bound by such conveyance.

Action of assumpsit.   Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding.   Heard in this court at the October term, 1904.   Affirmed.   Opinion filed March 8, 1905.

A. C. NORTON, C. J. AHERN and R. B. CAMPBELL, for appellant.

H. H. MCDOWELL, for appellees.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Livingston County, rendered against the Livingston County Telephone Company for one year's rent of certain rooms described in a lease made by appellees to A. E. Hartley.

On the 9th day of December, 1896, appellees executed a written lease to A. E. Hartley for two rooms in the rear of a brick building over a store on lot 8, block 48, including steam heat in the winter time, for the term of ten years, at a rental of $8 per month. The lease provided that the lessee would not underlet said premises or assign the lease without the written assent of the lessor. On February 3, 1897, A. E. Hartley made a written assignment of the remainder of the term to W. E. E. Herron, and on the same day a written agreement was entered into between said Hartley and Stewart with W. E. E. Herron by which Herron purchased of these parties a telephone franchise granted by the city of Pontiac, together with a large amount of telephone property; and among other things the contract provided that said Herron would accept an assignment of the Herzberg lease and pay all rent thereafter accruing under said lease.

On May 13, 1898, W. E. E. Herron made a bill of sale to the appellant herein, conveying all the telephone rights and franchises, and all and singular the telephone property of every kind and character which he had owned or possessed in Livingston county, and included in this bill of sale among other things was "all leases, rentals, contracts and right of way" belonging to the telephone system theretofore operated by said Herron in said county. On the same day a real estate deed was executed by said Herron to appellant conveying all interest in a piece of real estate in the city of Pontiac and also "all franchises, contracts,

leases, rentals, rights of way and privileges belonging to or in any way appertaining to the said telephone system now or heretofore used and operated by the grantor in said county." After the execution of the deed appellant occupied the rooms and paid the rent until about the first of September, 1898, when it vacated the rooms and has not occupied them since.

The defendant pleaded the general issue and a special plea setting up a former recovery in the Circuit Court of Livingston County on said lease, to which special plea a replication was filed denying that the former recovery was for the same premises relied on in the suit. Issues were joined on the plea of non-assumpsit and on plaintiff's replication to the special plea and a trial was had before the court, a jury being waived, which resulted in a finding and a judgment for the plaintiff for $96, being one year's rent covering the time from December 9, 1900, to December 9, 1901, to reverse which this appeal is prosecuted.

The assignment of the lease by Hartley to Herron and by Herron to appellant was without the written assent of the lessors, and by the second proposition of law submitted by appellees the court held that the provision in the lease that it should not be assigned without the written assent of the lessors, was a provision for the benefit of the lessors only and could be waived by them, and refused to hold as requested by appellant that the lease could not be assigned without the written assent of the lessors. Appellant excepted to this holding and assigns error thereon in this court. There was no error in this ruling. Such a clause in a lease is exclusively for the protection and benefit of the lessor, and he may waive it. An assignment made without such assent is not void but only voidable at the option of the lessor. Webster et al. v. Nichols et al., 104 Ill. 160; Smith v. Goodman, 149 Ill. 75. No authority is cited by appellant to support its contention and we apprehend none can be found.

It is next urged that the assignment of Herron to appellant not being by a written indorsement on the lease is

invalid, and not sufficient to fix a liability to pay rent. A covenant to pay rent is one which runs with the land and whoever comes into the leasehold through the lessee is bound by this covenant. Webster v. Nichols, *supra*.

The suit was upon the lease and the assignment to appellant is set out in the declaration, and there being no plea on file denying the assignment appellant cannot raise the question. The Home Flax Co. v. Beebe, 48 Ill. 138; R. S. Starr & Curtis, ch. 110, sec. 33; Gaddy v. McCleave, 59 Ill. 182.

It is contended by appellant that the lease requires appellees to furnish steam heat, and that the proof fails to show a compliance with the condition. The lease only required appellees to furnish steam in the daytime during the winter months. Appellant only occupied the rooms from May to September. Whether the rooms have been steam heated in the daytime during the winters that have passed since September, 1898, the date when appellant vacated the premises, is a matter of no concern to appellant. The contention is hypercritical and requires no further consideration.

Other assignments of error are equally frivolous and it would be a waste of time to discuss them.

The judgment is right, and no error intervening, it is accordingly affirmed.

*Affirmed.*