[No. 9741. Department One. October 21, 1911.]

JOHN A. FIELD, *Respondent*, v. COPPING, AGNEW & SCALES, *Appellants*.[1]

TRIAL—FINDINGS OF FACT. A finding that plaintiff did not know that defendants were claiming under a lease is a conclusion of law, and is controlled by facts showing constructive notice.

LANDLORD AND TENANT—LEASE—VALIDITY OF ASSIGNMENT—CONSENT—ESTOPPEL. The acceptance by the lessor of rent from an assignee of the lessee, with notice of the assignment, is a waiver of the right to forfeit the lease on account of an oral assignment without written consent of the lessor, and estops the latter from asserting the invalidity of the parol assignment.

VENDOR AND PURCHASER—BONA FIDE PURCHASER—CONSTRUCTIVE NOTICE—POSSESSION BY TENANT. The actual possession of premises by an assignee of a lessee, is sufficient notice to a purchaser from the lessor to put him on inquiry as to the nature of the tenure by which the possession was held.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered December 21, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for rent. Reversed.

[1]Reported in 118 Pac. 329.

*B. H. Rhodes* and *Forney & Ponder*, for appellants.

*C. D. Cunningham* and *Dysart & Ellsbury*, for respondent.

Gose, J.—This is an action for the recovery of rent. There was a judgment for the plaintiff. The defendants have appealed.

The following is an epitome of the facts found by the court: On the 15th day of January, 1909, Alex McEachern was the owner of the property upon which the suit for rent is based, and on that day executed, acknowledged, and delivered to Richards & Cunningham, a copartnership, a lease upon the same for three years from the 1st day of January, 1909, at the monthly rental of $30, payable in advance. The lease provides:

"And it is hereby agreed, that in case of default in any of the payments herein provided to be made, or in case of any strip or waste committed or suffered upon said premises, it shall be lawful for the said party of the first part to re-enter said premises and remove all persons therefrom; And said parties of the second part do hereby covenant, promise and agree to pay the said party of the first part the said rental at the times and in the manner hereinbefore provided; and not to sublet the whole or any part of said premises without the written consent of the said party of the first part, nor to assign this lease, or any part thereof, without said written consent."

The lease was recorded on the 21st day of January, 1909. The lessees went into the possession and occupancy of the leased premises and continued their occupancy until about April, 1909, when Cunningham sold his interest in the lease and the business conducted upon the premises to his copartner Richards, who continued the business and the occupancy until the 22d day of April, 1909, when he sold his stock of goods and the lease to the appellants, who have since occupied the leased premises. The appellants paid the rent until the 15th day of March, 1910, and since that time have tendered and paid into court the rent each month

conformably to the lease. The respondent has refused, since March 15, 1910, to accept the rent as stipulated in the lease. On January 11, 1910, the lessor, McEachern, sold and conveyed the premises to the respondent and W. B. Richards. The latter, on February 9 following, sold and conveyed his interest therein to the respondent. The court further found:

"That Alex McEachern and W. B. Richards knew of the verbal transfer of the lease and consented to same, and Alex McEachern agreed to make written approval of same, but through lack of attention such written approval was not made, but Alex McEachern with knowledge of same received the rent paid by the defendants from the 22nd day of April, 1909, until the 11th day of Jan. 1910, when the premises were sold to the plaintiff and W. B. Richards jointly. That the plaintiff knew that said lease was recorded, . . ."

The original lease was delivered to the appellants. On February 15, 1910, the respondent, after having accepted the rent as fixed by the lease for the months of January and February, served a written notice upon the appellants, stating that from and after March 15 he would charge them $45 per month as rental. The court also found, that the respondent had no notice that the appellants were claiming to hold under the lease until on or about February 15, 1910; that the appellants have no valid assignment of the lease; that $45 per month is a reasonable rental; and that the respondent was entitled to a judgment on that basis. A judgment was entered accordingly.

We think the judgment should be reversed on the facts found by the court. The finding that the respondent did not know that the appellants were claiming under the lease is a conclusion of law, and as we shall point out later, an erroneous one upon the facts found. However, if it be treated as a finding of fact, it is restrained and controlled by the other facts found by the court. In amplification of the facts found, it is pertinent to state that W. B. Richards, who purchased the property with the respondent, made the

sale of the stock of goods and the lease from his son, Arkie Richards, to the appellants; that $250 was paid for the lease; and that the appellants and their predecessors, the original lessees, have carried on a grocery business in the leased property continuously since the execution of the lease.

The consent of McEachern to a parol transfer of the lease, and his acceptance of rent thereafter from the purchasers, whom he knew were claiming under the lease, estopped him to dispute the validity of the assignment. The acceptance of rent *eo nomine* is ordinarily a recognition of the continuance of the tenancy, and where it is accepted after and with knowledge of the act of forfeiture by the tenant, it is a waiver of the forfeiture. *Murray v. Harway*, 56 N. Y. 337. In *O'Keefe v. Kennedy*, 3 Cush. 325, there was a covenant on the part of the lessee not to assign without the prior written consent of the lessor. Speaking to the question of waiver of this clause by the lessor, the court said:

"By receiving rent of the assignee, with a knowledge of the assignment, it seems to us very clear, that the lessor could not afterwards, consistently with good faith, assert his right to enforce for forfeiture for that cause."

See, to the same effect: *Porter v. Merrill*, 124 Mass. 534; *Webster v. Nichols*, 104 Ill. 160; *Randol v. Tatum*, 98 Cal. 390, 33 Pac. 433.

The actual possession of the property by the appellants at the time the respondent acquired the title was notice to him of whatsoever rights a prudent and reasonable inquiry would have revealed. The actual possession of real property is notice to intending purchasers of the rights of those in possession, and the purchaser in such cases takes title subject to every right in the occupant that a reasonable inquiry would have disclosed. *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210. This rule applies as well to the nature of the tenure as to the quantity of land claimed by the party in possession. *Kuhl v. Lightle*, 29 Wash. 137,

69 Pac. 630; *Peterson v. Philadelphia Mortgage & Trust Co.*, 33 Wash. 464, 74 Pac. 585.

A considerable part of the briefs is devoted to the discussion of the question whether the parol assignment of a lease for a term of years is valid.   We do not find it necessary to decide this question.   Upon the plainest principles of equity, the original owner acquiesced in and ratified the assignment, and the respondent having notice of facts that, if reasonably investigated, would have disclosed the rights the appellants were enjoying and claiming, occupies no stronger or different position than his grantor.

The original lessees are not contesting the validity of the assignment of the lease; and if they were, on the facts found by the court, their conduct would estop them from asserting any rights therein.   While the lease provides that it shall not be assigned without the written consent of the landlord, no forfeiture is provided in case of an assignment without such consent.   We refrain from expressing an opinion as to whether such an assignment would work a forfeiture, or whether the landlord would be remitted to an action for damages for a breach of the covenant.

The judgment is reversed, with directions to enter judgment for the respondent for the amount due under the terms of the lease and tendered by the appellants.   The appellants will recover costs in both this and the trial court.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.