# Augustine Krygsman, Defendant in Error, v. George Stamatakos et al., Plaintiffs in Error.

## Gen. No. 16,724.

LANDLORD AND TENANT—*waiver of breach of covenant not to sublet without written consent.* Where a lessee sublets in violation of a covenant in the lease not do so without the written consent of the lessor, and the lessor accepts payment of rent from the sub-lessees and serves them with a five days' notice, there is a waiver of the breach of covenant, and in an action in forcible entry and detainer it is error to refuse an instruction to that effect.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with finding of fact and judgment here. Opinion filed December 11, 1912.

ALLEN G. MILLS, for plaintiffs in error.

THOMAS McENERNY, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

On April 15, 1902, defendant in error rented to plaintiffs in error, George Stamatakos, Nicholas Stamatakos, and Harry Stamatakos, for a term of ten years, certain premises in Chicago. The rent stipulated for was payable in semi-annual payments in advance on the 15th day of April and October of each year. The lease contained a stipulation against subletting the premises or any part thereof without the written consent of defendant in error. On April 15, 1909, the lessees above named sublet a portion of the premises to plaintiffs in error, Charles Stamatakos, George Heallulos, and Gust Kokores, without obtaining the consent in writing of defendant in error to such subleasing. The decided weight of the evidence tends to show that the plaintiff knew of such subleasing and made no objection thereto, but said she

did not care who had the premises; that all she wanted was the rent; that she continued to collect the rent from her tenants after she knew of the subletting and after the subtenants were in possession. The testimony of defendant in error herself further shows that during the first part of October, 1909, she received from her tenant a check for the rent due October 15, 1909, for the six months ending April 15, 1910, which check was by its terms payable October 20, 1909, and on which her agent, a Mr. Glazier, advanced to her the money, but which on presentation by him at the bank for payment was dishonored; that shortly thereafter and on or about the 2nd day of November, 1909, and after she knew of the subletting, and after she knew the check had been dishonored, defendant in error served a five days' notice on plaintiffs in error which notice was not introduced in evidence, and that on the 2nd day of November, 1909, she made a demand in writing of her tenants and their subtenants, being all of the plaintiffs in error, for immediate possession of the parts of the premises occupied by them respectively, which written demand was introduced in evidence and in which she specifies as the reason for making it that part of the leased premises had been sublet without her consent in writing in violation of the terms of the lease from her to her tenants. Counsel for defendant in error argues that the "five days' notice," mentioned by defendant in error and above referred to, is identical with the demand for possession introduced in evidence. If defendant in error, by using the term "five days' notice" in her testimony meant the demand for immediate possession introduced in evidence, she should have said so and her counsel should have brought it out in his examination of her. Not having done so, this court cannot indulge in the presumption that she so meant, for a five days' notice is as different from and as incompatible with a demand for immediate possession as any two things can well be. We must, therefore, take her at her word and

determine this case on the assumption that she meant what she said, and that in fact she served the five days' notice as she testified she did.

Defendant in error further testified that after she had served the "five days' notice" the money for which the dishonored check was given, was paid, but whether it was paid to her or to her agent, Mr. Glazier, is not made clear. She also testified that the reason why she did not begin her suit until April, after she had served the notice, was "because I had my money and we offered him the rent back and he would not accept it." She still further testified that a few days after April 15, 1910, she received by mail a check from her tenant for the rent from April 15, 1910, to October 15, 1910. On April 26, 1910, without giving any other notice than the one above mentioned, or making any other demand for possession, or assigning any other breach of the covenants of the lease or returning the check for the rent from April 15, 1910, to October 15, 1910, or in any way informing her tenant that she did not or would not accept it in payment for such rent, she filed in the Municipal Court her complaint in forcible entry and detainer.

The cause was heard by the court without a jury and resulted in a judgment in favor of the plaintiff, defendant in error in this proceeding, and against all of the defendants, plaintiffs in error here, for the possession of the premises and for costs. To reverse this judgment plaintiffs in error prosecuted this writ of error.

At the close of the case plaintiffs in error asked the court to hold the following proposition of law, with others:

"The court holds as a proposition of law that if with knowledge that the defendants had sub-let a part of the premises, the plaintiff made any demand for rent accruing after the breach of the covenant not to assign or sublet, she thereby consented to and re-established the tenancy and waived her right to forfeit

the lease and terminate the tenancy and made the lease valid in the hands of the sub-lessees.''

This proposition the court refused to hold and this is assigned as one of the reasons why the judgment should be reversed.

The provision of a lease prohibiting the subletting of the demised premises without the consent in writing of the landlord is for the benefit of the landlord, and a violation of such provision renders the lease voidable at the option of the landlord, but not void, and the right to declare a forfeiture of the lease for such violation may be waived by the landlord. Any act done by the landlord with knowledge of such subletting, affirming the continued existence of such lease, and which clearly discloses his intention to hold his lessee to the performance of the other terms of the lease, notwithstanding his violation of the stipulation in it against subletting, is a waiver of his right to elect to declare the lease void for such violation. The acceptance of rent by the landlord, or demand by him for the payment of such rent, for a period of time after a breach of such stipulation has occurred and with knowledge of such breach is a waiver by him of his right to declare a forfeiture therefor. Webster v. Nichols, 104 Ill. 160; Williams v. Vanderbilt, 145 Ill. 238; Hopkins v. Levandowski, 250 Ill. 372; Chicago & S. S. Rapid-Transit R. Co. v. Northern Trust Co., 90 Ill. App. 460; Livingston County Tel. Co. v. Herzberg, 118 Ill. App. 599; Watson v. Fletcher, 49 Ill. 498. The refused finding of law above quoted correctly stated the law and its refusal was error.

The court also erred in rendering judgment against plaintiffs in error on the facts. The judgment was evidently based on the same erroneous theory of law that prompted the refusal of the proposition of law above quoted, i. e., that accepting rent from the tenant after knowledge of the subleasing of part of the premises was not a waiver by defendant in error of her right to declare a forfeiture for a breach of the covenant

in the lease against subleasing without the written consent of lessor. By at least two distinct acts of defendant in error, testified to by her, she clearly waived her right to declare a forfeiture of the lease for a violation of the covenant against subleasing. The first was where in November, 1909, she or her agent for her with her knowledge accepted the money on the check for the rent to April 15, 1910, and kept it after she knew of the breach, and the second was when she accepted and kept the check sent her by her tenant about April 15, 1910, for rent to October 15, 1910. And if she in fact served her tenant about November 1, 1909, with a "five days' notice," after she knew of the subleasing, as she testified she did, then that was a third act recognizing the continued existence of the lease, and a consequent waiver of its breach, for a five days' notice is a demand for the payment of all rent in arrears and a conditional notice that if it is not paid within a time fixed in the notice, not less than five days after the service thereof, the landlord will terminate the lease (sec. 8, chap. 80, R. S.), and a demand for rent in advance, as provided by the terms of a lease for an unexpired period of time, is a recognition of the continued existence of the lease.

The judgment of the court below is, therefore, reversed with a finding of fact to be incorporated in the judgment of this court, and judgment in this court against defendant in error for costs in both courts.

*Judgment reversed with finding of fact and judgment here.*

Finding of Fact: We find as an ultimate fact that defendant in error waived the breach of the covenant in the lease sued on prohibiting the subleasing of the premises in question without the consent of the lessor being first had in writing.