[No. 11280.   Department One.   March 27, 1914.]

GEORGE S. SHEPHERD, *Appellant*, v. C. F. SCHMIED *et al.*, *Respondents.*[1]

MORTGAGES—ABSOLUTE DEED AS MORTGAGE — TRUSTS — EVIDENCE— SUFFICIENCY.   The evidence is sufficient to show that a deed was intended as a mortgage and that the grantee held the bare legal title in trust for one S., where it appears that the land was purchased for $710, by S. who paid down $110, and borrowed $600 from the mother of the grantee, a relative, whereupon the owners of the property made the deed in question and the grantee gave S. his bond for a deed to be executed within three years on payment of $600 with interest, and that S. went into the open and continuous possession and cleared, fenced and cultivated the land.

EXECUTION—BONA FIDE PURCHASER—POSSESSION.   The purchaser at execution sale is charged with notice that the judgment debtor held the bare legal title in trust, where the *cestui que* trust was in the open, continuous and notorious possession of the land; and hence is not a *bona fide* purchaser.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered October 25, 1912, upon findings in favor of the defendants, in an action of ejectment, tried to the court.   Affirmed.

*Edward J. Clark* and *John McNulty*, for appellant.

*Thos. O'Day* and *J. M. Haddock*, for respondents.

MAIN, J.—This was an action in ejectment, for the purpose of recovering the possession of lots 2, 3, and 4, section 24, township 1, north, range 4 east W. M., in Clarke county.

[1]Reported in 139 Pac. 589.

The cause was tried to the court without a jury. Judgment was entered for the defendants. The plaintiff appeals.

The facts as found by the trial court are substantially as follows: On March 8, 1904, and for some time prior thereto, one Orson M. Seward was the owner of the property above described. At this time and for about three years preceding, the respondents had been in possession as tenants. On the date mentioned, the respondent C. F. Schmied purchased the property from the then owner for the sum of $710. Of this purchase price, Schmied paid $110. The remaining $600 was borrowed from one Elsie E. Howard, who thereupon executed a bond for a deed to C. F. Schmied for the property. In this bond it was provided that she would convey the same to Schmied upon the payment of $600, on or before three years after date, together with interest thereon at the rate of ten per cent per annum. The deed from Seward to Howard was dated March 8, 1904, and was filed for record January 2, 1905, in the office of the county auditor of Clarke county. The bond for a deed was dated the same day, and was filed for record on November 1, 1905. The deed was considered and treated by Elsie E. Howard and C. F. Schmied as a mortgage, and was intended merely to secure the payment of the $600 and interest.

Subsequent to the execution of the deed and bond, and on the 10th day of March, 1904, Elsie E. Howard conveyed the property to Charles L. Howard, who was her son, to be held in trust, with the understanding that it was to be conveyed to Schmied upon the payment of $600 and interest, Charles L. Howard to account to his mother for the money when it should be received. This deed was filed for record on September 21, 1905.

Thereafter, Schmied not desiring to pay ten per cent interest on the loan, arranged with his son, Frank L. Schmied, to borrow $600 in order to pay off the Elsie E. Howard loan. This money was borrowed by the son from a third person and was thereupon paid to Charles L. Howard for the use of

Elsie E. Howard.   On September 16, 1905, Charles L.
Howard and wife conveyed the property to Frank L. Schmied,
the son.   This deed was filed for record on the 21st day of
September, 1905.   Subsequently, the respondent C. F.
Schmied repaid the loan secured through the intervention of
his son, Frank L. Schmied, and upon the payment of the same,
the latter and his wife conveyed the property by deed to C. F.
Schmied, which deed was dated April 24, 1909, and was filed
for record on June 7, 1909.   The respondents since the pur-
chase of the land from Seward on March 8, 1904, have been
in the continuous, open, and notorious possession thereof as
owners.

On April 28, 1903, a judgment was entered in the superior
court of the state of Washington for Clarke county against
Charles L. Howard and in favor of Susie Sampson.   There-
after, on the 28th day of September, 1906, an execution was
issued on this judgment, and on November 24, 1906, the
property being sold by virtue of the execution, was purchased
by George S. Shepherd, the appellant, and on the 2d day
of January, 1909, was conveyed to him by sheriff's deed.   On
the 4th day of January, 1905, a judgment was entered in the
superior court of the state of Washington for Clarke county
against Charles L. Howard in favor of the Vancouver Na-
tional Bank, for the sum of $243.30.   Execution was issued
on this judgment September 25, 1905.   Thereafter, on the
4th day of November, 1905, the property in question was sold
by the sheriff by virtue of an execution.   On April 24, 1907,
a sheriff's deed to the property was executed to the Vancouver
National Bank.   Subsequent thereto, the bank made a con-
veyance to the appellant.

In addition to the facts found by the trial court, it may
be noted that Charles L. Howard was the son-in-law of the
respondents, and Elsie E. Howard was his mother.   In the
answer to the complaint, the respondents prayed that their
title be quieted as against the claims of the appellant.   Judg-
ment was entered in accordance with this prayer.

Two material questions are here for determination: First, in whom was the equitable title or the beneficial interest in the property in question; and second; was the appellant a purchaser for value and without notice?

I. It is argued that Charles L. Howard was at all times the real purchaser and owner of the property which was sold on execution. This claim is based upon the fact that the transactions were between near relations and under circumstances which would give rise to distrust. There was no direct evidence that Charles L. Howard at any time held other than the bare legal title to the property. As against the relationship and the circumstances which would tend to support the appellant's claim, there was the fact that the respondents, at all times since the property was purchased from Seward, had been in the possession of the same as owners, and they had cleared, fenced and cultivated it. The respondent C. F. Schmied testified positively that he purchased the property from Seward in the year 1904. In this he is corroborated by one Reed, who at that time had a contract of purchase upon the property, and was given $100 by Schmied for the release of his contract. Charles L. Howard testified that he at no time had any beneficial interest in the property, but that he had merely the legal title in trust. The evidence of Frank L. Schmied supports the good faith of the transaction. A further detail of the evidence would serve no possible useful purpose. The trial court found that the equitable title to the property was, at all times since March 8, 1904, in. the respondents, and that Charles L. Howard at no time had any other interest than the bare legal title, which he held in trust. From the record, we can find no reason to disturb these findings.

II. Since the equitable title or beneficial interest was at all times in the respondents, it becomes necessary to inquire whether the appellant was a purchaser for value and without notice. The respondents being in the open, continuous and notorious possession of the land, the appellant was

charged with notice of their rights thereto. *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210; *Kuhl v. Lightle*, 29 Wash. 137, 69 Pac. 630; *Peterson v. Philadelphia Mtg. & Trust Co.*, 33 Wash. 464, 74 Pac. 585; 2 Devlin, Real Property and Deeds (3d ed.), § 760. It follows, therefore, that the appellant was not a purchaser without notice.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.