# I. COHEN v. THOMAS W. TODD and Others.[1]

July 2, 1915.

Nos. 19,277—(185).

**Assignment of lease — assignee's liability for rent.**

1. The assignee of a lease who assumes no obligation by contract to pay rent is liable for rent during the time he holds the lease, but after he makes a reassignment and delivers possession to a second assignee his liability for rent thereafter to accrue ceases. This is on the principle that his liability during the time he holds the lease is founded on privity of estate, and as soon as such privity of estate ceases the liability ceases with it.

**Waiver of consent to assignment.**

2. A covenant in a lease requiring written consent of the lessor to any assignment of the lease may be waived by the lessor, and it is waived by acceptance of rent from the assignee with knowledge of the assignment.

Action in the municipal court of Minneapolis to recover $155. The case was tried before Bardwell, J., who when plaintiff rested denied defendants' motion to dismiss the action and made findings and ordered judgment dismissing the action as to defendants Todd. Plaintiff's motion to amend the findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*A. C. Middelstadt,* for appellant.

*L. O. Rue,* for respondents.

HALLAM, J.

1. This is an action to recover from an assignee of a lease rent which accrued after he had made a reassignment and delivered up

[1]Reported in 153 N. W. 531.

Note.—The authorities passing upon the liability of lessee, sublessee, or assignee of leasehold for rent accruing after assignment or sublease are reviewed in a note in 52 L.R.A.(N.S.) 968.

For cases passing upon waiver of provision for consent to assignment of lease, see note in 36 L.R.A.(N.S.) 488.

possession to a second assignee. The action cannot be maintained. The assignment to defendant was a naked assignment. Neither by the terms of the assignment, nor in any other manner, did defendant assume any contract obligation to pay rent. As long as he held the property under his assignment the law required him to pay rent according to the terms of the lease. But when he again assigned the term and delivered up possession to a second assignee, his liability for rent thereafter to accrue ceased. This has been the rule of the common law consistently followed for more than 200 years. Pitcher v. Tovey, 4 Mod. (Eng.) 71; Valliant v. Dodemede, 2 Atk. (Eng.) 546; Taylor v. Shum, 1 B. & P. (Eng.) 21; Tiffany, L. & T. 1131; 2 Underhill, L. & T. 1090; Johnson v. Sherman, 15 Cal. 287, 76 Am. Dec. 481; Patten v. Deshon, 1 Gray (Mass.) 325, 329; Consumers Ice Co. v. Bixler & Co. 84 Md. 437, 35 Atl. 1086; Durand v. Curtis, 57 N. Y. 7; Washington N. Gas Co. v. Johnson, 123 Pa. St. 576, 16 Atl. 799. The rule is founded on sound reason. The assignee having assumed no contract obligation cannot be sued on contract. His liability during the time he holds under the lease is founded on privity of estate. After he has surrendered the premises either to the lessor or to another assignee there is no longer privity of estate. There is then no principle of law or equity upon which to predicate liability for rent to accrue, and liability no longer exists. This is but an application of the general principle that an assignee of a lease is liable on covenants running with the land, but, being liable solely in privity of estate, he is liable only for obligations maturing or breaches occurring while he holds the estate as assignee, and not for those which occurred before he became assignee or after he ceased to be such. Trask v. Graham, 47 Minn. 571, 50 N. W. 917.

2. Plaintiff contends that the assignment by defendant to his assignee never became operative. A covenant of the lease forbade any assignment of the term without the written consent of the lessor. The lessor consented in writing to the first assignment, that is, to the assignment made by the lessee to defendant, but did not consent in writing to the assignment made by defendant. Defendant contends that the covenant against assignments, except with the written

.consent of the lessor, has no application to a second assignment made by the lessee's assignee. We need not concern ourselves with that question. The fact is the lessor knew of the assignment by defendant, and after it was made he collected rent for several months from defendant's assignee and other successive assignees. A covenant against assignments without the written consent of the lessor is one inserted for the lessor's benefit, and he may waive the requirement of written consent by his conduct. 1 Tiffany, L. & T. § 152; Taylor, L. & T. (9th ed.) §§ 411, 412, 497; The "Elevator Case," 17 Fed. 200; Warner v. Cochrane, 128 Fed. 553, 63 C. C. A. 207; Livingston Co. Tel. Co. v. Herzberg, 118 Ill. App. 599. When, with knowledge of the second assignment, he receives rent from the second assignee, such conduct, unexplained, is conclusive evidence of a waiver, for it is a recognition of the assignee as a tenant. 2 Underhill, L. & T. § 630; Randol v. Tatum, 98 Cal. 390, 33 Pac. 433; Colton v. Gorham & Mundy, 72 Iowa, 324, 33 N. W. 76; O'Keefe v. Kennedy, 3 Cush. (Mass.) 325; Porter v. Merrill, 124 Mass. 534; Murray v. Harway, 56 N. Y. 337, 342; Field v. Copping, A. & S. 65 Wash. 359, 118 Pac. 329; Adams v. Shirk, 117 Fed. 801, 55 C. C. A. 25; Waldron v. Hawkins, 32 L. T. (Eng.) 119. After receiving rent from the assignee with knowledge of the assignment, the lessor could not with either consistency or good faith assert that an assignment was never made.

Judgment affirmed.