[No. 17350.   Department One.   January 25, 1923.]

HENNING KARLSTEN, *Appellant*, v. A. E. HAMEL *et al.,*
*Respondents.*[1]

LANDLORD AND TENANT (1)—RELATION—EXPRESS CONTRACT.   A
valid lease and the relation of landlord and tenant is created by a
conditional sales contract of the personal property in a hotel, pro-
viding that the vendee shall have the "free rent of the build-
ing . . . . to the expiration of this contract."

VENDOR AND PURCHASER (127)—BONA FIDE PURCHASERS — CON-
STRUCTIVE NOTICE—POSSESSION BY TENANT.   Possession of a hotel
under an agreement amounting to a lease, is sufficient notice to put
a purchaser upon inquiry as to the rights of the lessee though the
lease was not recorded.

HUSBAND AND WIFE (69)—LEASES—EXECUTION—ADOPTION BY WIFE.
Where the wife had adopted her husband's action in embodying in
a conditional sales contract a lease of hotel premises constituting
community property, a subsequent purchaser cannot defeat the lease
on account of the failure of the wife to execute it.

LANDLORD AND TENANT (11)—LEASES—VALIDITY—ESTOPPEL OR
WAIVER AS TO DEFECTS.   Where a subsequent purchaser of leased
property gives notice in the alternative to pay the rent or yield
possession, and commences an action in unlawful detainer, he is
estopped to claim that the lease is void.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered January 18, 1922,
upon findings in favor of the defendants, in an action
of unlawful detainer, tried to the court.   Affirmed.

*Carl W. Swanson,* for appellant.
*Roy C. Fox,* for respondents.

BRIDGES, J.—In October, 1920, one Colman was the
owner of certain lots in the town of Edwall, in this
state, on which there was a hotel building.   On the day
above mentioned, he sold to the defendants certain of

[1]Reported in 212 Pac. 153.

the personal property in the hotel. A conditional sales agreement was entered into between the parties concerning this personal property, the terms of which fixed the deferred payments, the last of which was to come due in June, 1922. This instrument was duly signed by both Mr. Colman and the defendant, and was properly acknowledged before a notary public. One of the terms of the instrument was as follows: "It is further agreed that the vendee (the defendant) shall have the free rent of the building, Grand Hotel, Edwall, Wash., to the expiration of this contract." This instrument was filed as a conditional sales contract and not as a lease. The defendant at once went into possession of the premises and so remained until the bringing of this suit. Subsequently the plaintiff became the owner of the real estate on which the Grand Hotel building was located. No rent having been paid to the plaintiff, he, in writing, notified the defendant that, unless $71 rent was paid within three days, possession of the property must be yielded. The rent was not paid and this suit was brought for possession. The plaintiff appeals from a judgment in favor of the defendant.

He attacks the so-called lease, contending that it is not a lease at all, but is a conditional contract of sale, and that if it be construed as a lease, he had no constructive notice of its terms, because it was filed with the county auditor as a conditional sales contract; and that, in any event, it is bad as a lease because the property involved belonged to the community of Colman and wife, and the latter did not execute the instrument. The instrument was sufficient to create a valid lease and the relationship of landlord and tenant, and if it had been recorded as a lease it would have given appellant constructive notice of its conditions. But

the fact that he did not have constructive notice is immaterial to this action because the testimony shows that, before he purchased the property, he knew that the respondent was in possession under some kind of agreement, with the exact terms of which he was not acquainted. This was sufficient to put him on his inquiry. Indeed, the fact that respondent was in the actual possession of the property at the time appellant purchased was sufficient to require the latter to make investigation as to the rights of the respondent in the property. Had he made such inquiry, he doubtless would have learned the facts in the case. In *Field v. Copping, Agnew & Scales,* 65 Wash. 359, 118 Pac. 329, 36 L. R. A. (N. S.) 488, we said:

"The actual possession of the property by the appellants at the time respondent acquired the title was notice to him of whatsoever rights a prudent and reasonable inquiry would have revealed. The actual possession of real property is notice to intending purchasers of the rights of those in possession, and the purchaser in such cases takes title subject to every right in the occupant that a reasonable inquiry would have disclosed."

See, also, *Kalinowski v. Jacobowski,* 52 Wash. 359, 100 Pac. 852; *Kuhl v. Lightle,* 29 Wash. 137, 69 Pac. 630; *Dennis v. Northern Pac. R. Co.,* 20 Wash. 320, 55 Pac. 210.

Nor is the appellant in position to question the legality of the lease because the conditional sales contract in which it was embodied was not executed by Mrs. Colman. There was testimony tending to show that she had adopted as her own the action of her husband in making the instrument, consequently she would be bound by it. But, in any event, by the giving of his notice and by the commencement of this action, the appellant has recognized the respondent as a ten-

ant in possession, and has thus estopped himself to claim that the lease is void.

The conclusion to which we have come makes it unnecessary for us to dispose of respondent's motion to dismiss the appeal.

The judgment is affirmed.

PARKER, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.