### JOHNSON v. MOXLEY.   (4 Div. 311.)

Supreme Court of Alabama.   June 23, 1927.

1. **Landlord and tenant** ⬅️79(1)—**Instrument by which lessee parts with entire interest in term, though designated sublease, constitutes "assignment."**

Where lessee parts with entire interest in term, transaction constitutes "assignment," and not subletting, though transfer is in form sublease, and though rent is reserved by lessee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assignment.]

2. **Landlord and tenant** ⬅️208(4)—**Transaction by which defendant accepted entire leasehold interest from assignee of lessee held to constitute assignment rendering defendant liable to lessor for rent, though cash rental was paid prior assignee.**

In action on behalf of lessor to recover rent against assignee of lessee and person to whom assignee assigned or subletted premises, transaction by which assignee rented land for balance of term for cash rental *held* to constitute assignment of lease, not mere subleasing, and to render ultimate assignee, who accepted entire leasehold interest, responsible directly to lessor for rent.

3. **Landlord and tenant** ⬅️208(4)—**Assignee of lessee, who, in turn, assigned to another, held not liable to lessor for rent accruing after assignment.**

Where assignee of lessee, in turn, assigned entire leasehold interest, his transferee became liable to lessor for payment of rent, and he was relieved from liability for rent accruing after time of reassignment.

4. **Landlord and tenant** ⬅️208(4)—**Assignee of lessee and assignee's transferee cannot be jointly liable to lessor for rent or use and occupation.**

Assignee of lessee and assignee's transferee cannot be jointly liable for rent to lessor, or for use and occupation of premises, as assignment, making ultimate assignee liable, releases liability of original assignee.

Brown, J., dissenting in part.

Certiorari to Court of Appeals.

Action by J. B. Moxley against W. A. Johnson and B. M. Kendrick. Judgment for plaintiff against defendant W. A. Johnson was affirmed by the Court of Appeals (113 So. 651)

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and said defendant applies for certiorari to review and revise the decision of the Court of Appeals. Writ granted.

Powell & Hamilton, of Greenville, for appellant.

The action as stated in count 2 was joint; the evidence showed liability of one defendant. Hence there was a fatal variance. Harris v. Sanders, 186 Ala. 352, 65 So. 136; Gamble v. Kellum, 97 Ala. 677, 12 So. 82; Garrison v. Hawkins Lbr. Co., 111 Ala. 308, 20 So. 427; Lord v. Calhoun, 162 Ala. 445, 50 So. 402; Sanders v. Harris, 199 Ala. 588, 75 So. 283; Central of Ga. R. Co. v. Camp Hill Trading Co., 208 Ala. 316, 94 So. 350. There was no privity of contract between appellant and Sarah Simmons, her heirs or personal representative, and no action could be maintained by them. Robinson v. Lehman-Durr & Co., 72 Ala. 401; Kanawha-Gauley C. & C. Co. v. Sharp, 73 W. Va. 427, 80 S. E. 781, 52 L. R. A. (N. S.) 968, Ann. Cas. 1916E, 786. Appellant's liability continued only so long as the privity of estate continued; it was broken by the assignment to Kendrick. Bedford v. Terhune, 30 N. Y. 453, 86 Am. Dec. 394; Ecker v. C. B. & Q., 8 Mo. App. 223; Weander v. Claussen Brewg. Assn., 42 Wash. 226, 84 P. 735, 114 Am. St. Rep. 110, 7 Ann. Cas. 536; Sexton v. Chicago Storage Co., 129 Ill. 318, 21 N. E. 920, 16 Am. St. Rep. 274; Bonetti v. Treat, 91 Cal. 223, 27 P. 612, 14 L. R. A. 154. The administrator has power to intercept rents. Palmer v. Steiner & Lobman, 68 Ala. 401; Code 1923, § 5846; Harkins v. Pope, 10 Ala. 493; Nelson v. Murfee, 69 Ala. 603.

Frank B. Bricken, of Luverne, for appellee.

Brief did not reach the Reporter.

SOMERVILLE, J. This is an action against W. A. Johnson and B. M. Kendrick, jointly, for money due for the use and occupation of a tract of land known as the Simmons place, and also, on the common counts, for money due by account, by account stated, and for money had and received to plaintiff's use.

The material facts stated in the opinion of the Court of Appeals are as follows:

Sarah Simmons, the owner of a farm, leased it by a contract in writing to D. C. Roach for a term of 5 years, beginning January 1, 1916, at an annual rental of $212.50. On February 16, 1916, Roach transferred this lease to the defendant Johnson, who occupied and cultivated the land during the years 1916, 1917, and 1918, paying the annual rentals to the administrator of Sarah Simmons, who died in 1916. "The dispute arises about the unpaid rent for 1919 and 1920. Johnson claims and so testifies and presents evidence in corroboration that on December 18, 1918, he sold the lease to Kendrick, which he transferred by indorsement dated January 15, 1919, which was to be the date of possession, and that he then and there delivered the original lease with the indorsements to Kendrick, who paid him a cash consideration of $403, and, in addition thereto, was to pay the annual rental when due. Kendrick, the other defendant, denies this and says that the truth is the lease was not purchased by him at all, but that he rented the land from Johnson for the years 1919 and 1920 for an aggregate cash rental of $403, which he then and there paid by check to Johnson. There was much evidence pro and con, tending to support each contention, and, when the evidence was all in, the court, at the request of defendant Johnson, instructed the jury: 'If you believe the evidence, you should find for the plaintiff as against defendant Kendrick.' Notwithstanding this charge there was a verdict for plaintiff as against Johnson and ignoring defendant Kendrick."

The gist of the opinion and conclusion of the Court of Appeals is found in this statement:

"It will be noted how important to a correct conclusion is the finding of the jury as to the truth of the transaction between Johnson and Kendrick. If Kendrick's statement is true, then Johnson occupied through him the land for 1919 and 1920, and, independent of a finding against Kendrick, would be liable separately for the rent for 1919 and 1920. This issue was by the jury found against the defendant Johnson. * * * We cannot agree to the proposition that the renting of the land to Kendrick by Johnson for the years 1919 and 1920 constituted Kendrick the assignee and not a subtenant."

[1, 2] In this view of the law the learned court is in error. In Johnson v. Thompson, 185 Ala. 666, 64 So. 554, we pointed out the well-settled distinction between a tenant's assignment of his lease, and his subleasing to a subtenant; and it was distinctly held that, if the lessee parts with his entire interest in the term, it constitutes an assignment, and not a subletting, although the transfer is in form a sublease. See, also, Bancroft v. Vizard, 202 Ala. 618, 81 So. 560. As to this the cases are legion, and all the authorities agree. 35 Corp. Jur. 988–990, §§ 80, 82; 16 R. C. L. 824, §§ 319, 320; Id. 869, § 373; 117 Am. St. Rep. 97, note.

"According to numerous decisions the same instrument may in law create an assignment of the term, as between the original lessor and the assignee, and also the relation of landlord and tenant between the parties to the second demise, but this is the result of the contract only, and not conclusive on the original lessor, who comes into privity of estate by reason of the grant or assignment of the whole term. Other cases, however, do not recognize this distinction, and treat the transaction, even as between the parties, according to its legal effect as an assignment, if the entire interest of the lessee in the term is transferred, and determine their

respective rights upon the basis of an assignment, though it is in the form of a lease." 16 R. C. L. 825, § 320.

We quote with approval the following as a correct statement of the law:

"Where a lessee of land leases the same land to a third party, the question has often arisen whether the second lease is in legal effect an assignment of the original lease, or a mere sublease. The question has frequently, and probably most generally, arisen between the lessee and his transferee, and much confusion will be avoided by observing the distinction between those cases and cases where the question has been between the transferee and the original landlord. In the latter class of cases, the rule is well settled that, if the lessee parts with his whole term or interest as lessee, or makes a lease for a period exceeding his whole term, it will, as to the landlord, amount to an assignment of the lease, and the essence of the instrument as an assignment, so far as the original lessor is concerned, will not be destroyed by its reserving a new rent to the assignor with a power of re-entering for nonpayment, nor by its assuming, by the use of the word 'demise' or otherwise, the character of a sublease; and the assignee, so long as he continues to hold the estate, is liable directly to the original lessor on all covenants in the original lease which run with the land, including the covenant to pay rent. * * * But as between the original lessee and his lessee or transferee, even though the original lessee demises his whole term, if the parties intend a lease, the relation of landlord and tenant, as to all but strictly reversionary rights, will arise between them. Mausert v. Feigenspan (N. J. Eq.), 64 A. 801. The effect, therefore, of a demise by a lessee for a period equal to or exceeding his whole term is to divest him of any reversionary right and render his lessee liable, as assignee, to the original lessor, but at the same time the relation of landlord and tenant is created between the parties to the second demise, if they so intended." Stewart v. Long Island R. Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844.

Under either view, the defendant Kendrick, by his acceptance of the entire term of Johnson's leasehold interest, whether nominally by assignment or by supposed subleasing, became in law the assignee of the original lease, chargeable with notice of its terms and covenants, and directly responsible for the payment of the stipulated rent to the original lessor, or her legal successors in estate. Scores of cases are collected in the note in 52 L. R. A. (N. S.) 980.

[3] As to the legal status of the defendant Johnson, there can be no serious controversy. From time immemorial all courts have held that the liability of the assignee of a lease is founded solely upon privity of estate, and that he may relieve himself of all subsequent liability for the payment of after-accruing rent by reassigning the term, and thereby terminating his privity of estate with the lessor. 36 Corp. Jur. 377, § 1240, and cases cited in note 27; 16 R. C. L. 864–869, §§ 367–372; Ann. Cas. 1916E, 805, note; 52 L. R. A. (N. S.) 988, note.

We approve, as applicable to the instant case, the following excerpt from the opinion of the Supreme Court of Minnesota in Cohen v. Todd, 130 Minn. 227, 153 N. W. 531, L. R. A. 1915E, 846:

"This is an action to recover from an assignee of a lease rent which accrued after he had made a reassignment and delivered up possession to a second assignee. The action cannot be maintained. The assignment to defendant was a naked assignment. Neither by the terms of the assignment, nor in any other manner, did defendant assume any contract obligation to pay rent. As long as he held the property under his assignment the law required him to pay rent according to the terms of the lease. But when he again assigned the term and delivered up possession to a second assignee, his liability for rent thereafter to accrue ceased. This has been the rule of the common law consistently followed for more than 200 years. * * * The rule is founded on sound reason. The assignee having assumed no contract obligation cannot be sued on contract. His liability during the time he holds under the lease is founded on privity of estate. After he has surrendered the premises either to the lessor or to another assignee there is no longer privity of estate. There is then no principle of law or equity upon which to predicate liability for rent to accrue, and liability no longer exists. This is but an application of the general principle that an assignee of a lease is liable on covenants running with the land, but, being liable solely in privity of estate, he is liable only for obligations maturing or breaches occurring while he holds that estate as assignee, and not for those which occurred before he became assignee or after he ceased to be such."

[4] The principles are fully stated also in St. Louis, etc., Co. v. Peers, 166 Ill. 361, 46 N. E. 1105, 38 L. R. A. 624. The application of these principles to the facts here disclosed compels the conclusion that the defendant Johnson is not liable to the plaintiff in this action, and that under no theory of the law or evidence could Johnson and Kendrick be held *jointly* liable for rent due to the plaintiff under the original lease, or for use and occupation; this because the liability of either must be predicated upon a state of facts which necessarily excludes the liability of the other.

Other questions are argued in the brief of counsel which we need not consider.

Our conclusion is that the trial court erred in refusing to give the general affirmative charge for Johnson, and that the judgment should have been reversed for that error.

The judgment of the Court of Appeals will be reversed, and the cause will be remanded to that court for further proceedings in accordance with this opinion.

Writ granted.

All the Justices concur, except BROWN, J., who dissents in part.

BROWN, J. I concur in the conclusion, and so much of the opinion as holds that Kendrick and Johnson were not jointly liable, but am of the opinion that, if Kendrick paid the rent for the entire term to Johnson, as such, with the agreement that Johnson was to pay the original landlord, Johnson would be liable in an action by the landlord against him for money had and received.