18 So.2d 471

**EDWARDS v. ALTMAYER et al.**

I Div. 450.

Court of Appeals of Alabama.
May 9, 1944.

Rehearing Denied June 13, 1944.

D. R. Coley, Jr., of Mobile, for appellant.

Sullivan, Holberg & Tully and Ralph G. Holberg, Jr., all of Mobile, for appellees.

SIMPSON, Judge.

This is a suit by the landlord against the assignee of a lease of a store building. The plaintiff landlord executed the lease to Ledbetter & Phillips, Tailors, who in turn sold and transferred it to the defendant.

Transfer of the lease was by a separate instrument (designated in the record as Exhibit "A"), whereby for certain named considerations Ledbetter and Phillips sold and transferred their tailoring business to the defendant assignee, including the lease aforesaid. A part of the consideration of this sale and transfer was the assumption by defendant of all outstanding liabilities and obligations of said Ledbetter and Phillips, which necessarily imposed upon defendant the liabilities and obligations of the lease—this by the following provisions of the assignment:

"Now, Therefore, in consideration of the premises, and the assumption by said B. S. Edwards of all liability for obligations assumed absolutely, and the release of said Ledbetter & Phillips from any personal liability therefor, and in further consideration of the assumption by said B. S. Edwards of (other named considerations not here pertinent) all other outstanding accounts and liabilities whatsoever of the said Ledbetter & Phillips growing out of the operation and conduct of said business, the said William J. Ledbetter & J. W. Phillips have and do by these presents Grant, Bargain, Sell, Transfer and Set Over unto the said B. S. Edwards that certain business known as Ledbetter & Phillips, Tailors, together with the equipment, fixtures, lease or leases, contracts, rights under contracts, and all rights and assets of the business, whether particularly herein described or not, owned by them," etc.

This instrument was signed by both Edwards and the tailoring firm, and we think it clear that Edwards thereby assumed the liabilities and obligations of the transferors imposed by the lease. Edwards, however, defended upon the ground that he occupied the premises for only one month, thereafter assigning the lease and surrendering possession to another, and therefore was liable only for this one-month period. It was his contention that as a matter of law there was only privity of estate between himself and the landlord and, after reassigning the lease to another, this relation and attendant liability were thereby extinguished. Johnson v. Moxley, 216 Ala. 466, 113 So. 656, 657, was relied upon as sustaining authority.

There were six counts of the complaint. The court sustained demurrers to the first three, and trial proceeded upon Counts IV, V and VI, resulting in a judgment for the plaintiff. We will discuss later the sufficiency of the last three counts to which demurrers were overruled.

The rule of Johnson v. Moxley, supra, seems to have been adopted to guide the trial, though we do not understand how the amount of the recovery was calculated. The principle of that case is: An assignee (here Edwards) of a lease is bound by privity of estate to perform the express covenants which run with the land (one of which is to pay the rent) and, in absence of an express agreement on his part, is liable only on such covenants and only during such time as he holds the term. In other words, the liability of such assignee to pay the rent continues only so long as the privity of estate continues, when that ceases, liability ceases, and by a bona fide

462

reassignment he may divest himself of all liability upon the lease. This, of course, is a long settled principle. Johnson v. Moxley, supra; Thompson on Real Property, p. 510, Sec. 1388, p. 512, Sec. 1389; 42 A.L.R., p. 1174 (II); Seeburger v. Cohen, 215 Iowa 1088, 247 N.W. 292, 89 A.L.R., p. 433; 36 C.J. 375, Sec. 1231, p. 377, Sec. 1239; 32 Am.Jur. Sec. 386, p. 326.

▮ But this principle controls only where there was no assumption by the assignee of the obligations of the lease. It is as equally well settled that an assignee who assumes the covenants of the lease is liable to the lessor for performance and cannot evade his liability for the rent by a reassignment of the lease and surrender of possession. Thompson, supra, p. 524, Sec. 1396; 36 C.J., p. 377, Sec. 1240; 35 C.J., p. 996, Sec. 97; id., p. 999; 32 Am. Jur., p. 318, Sec. 370, 374; 42 A.L.R. 1174 (II).

Both principles are well stated in 42 A.L.R. p. 1174: "An assignee, apart from an express agreement to assume and perform * * * is in privity of estate with the lessor, and is liable to him personally for the breach of the lessee's covenants which are annexed to and run with the leasehold, and which are broken while he holds the leasehold estate. But it is well settled that an assignee who assumes or agrees to perform the covenants and conditions of the lease generally, and regardless of privity of estate, is liable to the lessor for their performance."

Corpus Juris, vol. 35, p. 996, Sec. 97, also succinctly states the rule: "The assignee of a term for years is liable upon the covenants in the lease which run with the land. But from the mere fact of assignment, the assignees are liable only on such covenants, since they are in privity of estate only, and not in privity of contract. However, where the assignee expressly assumes the covenants of the lessee, a liability arises which is based upon privity of contract, and, subject to the rules permitting a person for whose benefit a contract is made to sue thereon, the landlord may maintain an action by reason thereof."

Also, in 36 C.J., p. 377, Sec. 1240: "Where an assignee of a lease has assumed the covenants of the lease, a second assignment or a reassignment of the lease will not terminate his liability to pay rent, although it is necessary that the covenant by the assignee be supported by a new consideration. But an assignee of a lease, who has not assumed such covenants, may reassign to whomsoever he chooses, and relieve himself from responsibility," etc.

▮ The defendant assignee only occupied the premises for about a month and then sold and transferred the business, including the lease, to another party. Under the general rule, discussed in the Johnson v. Moxley case, had there been merely a naked assignment of the lease without assuming any obligations in regard thereto, then liability would have continued only so long as he held the property under the assignment, and when he again assigned the term and delivered up possession to the second assignee his liability for rent thereafter to accrue would have ceased. The reason is that the assignee, having assumed no contract obligations, cannot be sued on contract. His liability, in these circumstances, during the time he holds under the lease is founded on privity of estate, not privity of contract, and after surrender of the premises to another assignee this privity of estate is ended. See also Cohen v. Todd, 130 Minn. 227, 153 N.W. 531, L.R.A.1915E, 846, approvingly quoted in Johnson v. Moxley.

Count VI of the complaint was for use and occupation and, under the principle last stated, a recovery of rent for one month was all that was due. The adjudicated recovery of five months rent was, therefore, unauthorized under this theory and under this count.

▮ Counts IV and V, to which demurrers were overruled, neither sought recovery on the defendant's assumption of the obligations of Ledbetter & Phillips, nor for use and occupation. The counts seem to declare upon the original lease. This clearly would not do, for the mere possession of the premises under the lease, without regard to the assumption clause in the assignment, would not change the relation of privity of estate to one of contract. The contractual liability of the defendant, if at all, must be predicated upon the assumption clause in the assignment mentioned as Exhibit "A". Since neither of the conditions for recovery was averred in these two counts, they were necessarily subject to the asserted demurrers.

The result, of course, here is that the judgment must be reversed and the cause remanded.

▮ We think it cannot be doubted that an assignee of a lease, as here, who assumes

the liabilities of the assignor may be sued by the lessor ex contractu on his obligation.

■ "The assumption by an assignee of a lease of all the obligations and liabilities of the assignor, creates a privity of contract as well as privity of estate between the lessor and the assignee; so that * * * he remains liable on the covenants of the lease after an assignment over, just as if he were an original lessee, bound by express covenants." Thompson, supra, Sec. 1396, p. 524.

Corpus Juris states the principle as follows: "A liability resting upon privity of contract between the assignee and the lessor is not terminated by a further assignment, as where the assignee has expressly assumed and covenanted in the assignment to perform the obligations of the lease." 35 C.J., Sec. 101, p. 999.

John R. Robinson, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

It has been pointed out by competent authority that this principle is closely analogous to the rule allowing recovery by a mortgagee against the purchaser of mortgaged real estate where the purchaser thereof assumed the existing mortgage. Puget Mill Co. v. Kerry, 183 Wash. 542, 49 P.2d 57, 100 A.L.R. 1220, 1228. Our courts have repeatedly given approval to recovery in such cases. Some cases are, Peoples Sav. Bank v. Jordan, 200 Ala. 500, 76 So. 442; Scott v. Wharton, 226 Ala. 601, 148 So. 308; Burns v. Austin, 225 Ala. 421, 143 So. 824.

We think we have said enough to illustrate our view of the law and as guide for any desired future proceedings.

Reversed and remanded.