## BARHYDT v. BURGESS.

1. **Landlord and Tenant:** ASSIGNMENT OF LEASE. Where a lease contains an express covenant binding the lessee to pay the rent and prohibiting an assignment without the written consent of the lessor, the lessee is not discharged by the assignment of the lease without the consent of the lessor.

2. ———: ———: OBLIGATION OF LESSEE. The discharge of the lessee's obligation cannot be inferred from the lessor's knowledge of the assignment, nor the acceptance of rent from the assignee, the receipts being executed to the lessee.

3. ———: ———: REMEDY OF LESSOR. The lessor having a remedy both against the lessee and his assignee is at liberty to pursue either, and he is not limited to the enforcement of his landlord's lien.

*Appeal from Des Moines Circuit Court.*

THURSDAY, SEPTEMBER 20.

ACTION at law to recover rent. The cause was submitted to the court without a jury, and a judgment rendered for plaintiff. Defendant appeals.

*T. J. Trulock,* for appellant.

*Blake & Hammack,* for appellee.

BECK, J.—The action is based upon a written lease, and the defense interposed is to the effect that defendant had assigned his lease to one Dawson, whom plaintiff accepted as his tenant and by whom rent was paid; that prior to the removal of Dawson from the premises, whereon he had valuable furniture and fixtures, defendant notified plaintiff and requested him to proceed against the property in the enforcement of his landlord's lien, which plaintiff refused to do. There was no finding of facts by the court. The evidence found in the record supports the following conclusions as to the facts:

1. The lease contained the following covenants, with others: "And the said lessee hereby covenants for himself, executors and assigns, that his executors and assigns will, during said term    *    *    *    *    pay unto said lessor, his heirs

or assigns, the said monthly rent; that they will not assign this lease nor sub-let said premises or any part thereof, without the written consent of said lessor first obtained."

2. The defendant assigned the lease and gave possession of the premises to his assignee, but plaintiff executed no written consent as provided for in the instrument.

3. The plaintiff had knowledge of the assignment and transfer of possession and received payments of rent from the assignee, but the receipts therefor were executed to defendant. Plaintiff did not discharge defendant of liability, nor agree to accept the assignee for the rent.

4. The defendant gave notice to plaintiff to enforce his landlord's lien against the property of the assignee while it was upon the premises, which plaintiff failed to do.

Upon the facts as stated there can be no doubt of the liability of the defendant.

I. The lease contains an express covenant binding defendant personally to pay the rent; from this obligation he was not discharged by an agreement between himself and the plaintiff. He is, therefore, liable to plaintiff for the rent reserved during the whole term of the lease. *Fanning v. Stimson*, 13 Iowa, 42; *Port v. Jackson*, 17 Johns., 239; *Kempton v. Walker*, 9 Vt., 191.

<span style="float:left">1. LANDLORD and tenant: assignment of lease.</span>

II. From the facts of the case no agreement on the part of plaintiff can be inferred discharging defendant from his obligation to pay the rent as provided for in the lease. His knowledge of the assignment cannot be construed into assent that the assignee should take the place of the lessee in liability to plaintiff. Neither can the payments of rent under the circumstances of the case by the assignee be taken as evidence of such an agreement. The receipts were executed to the defendant, thus exhibiting the fact that plaintiff regarded the defendant as the party bound for the payment of the rent.

<span style="float:left">2. ——: ——: obligation of lessee.</span>

III. Defendant claims that as plaintiff did not proceed to enforce his landlord's lien, after notice requiring him so to do, the defendant is discharged from liability upon the lease. The position is based by counsel upon

<span style="float:left">3. ——: ——: remedy of lessor.</span>

the equitable doctrine that a creditor, who has two securities, one of which is pledged to another, must exhaust that one first upon which the other creditor has no lien or claim. The doctrine is not applicable to the facts of the case. It cannot be said that plaintiff had recourse to two funds for the pay- ment of his debt. The law secured to him two remedies, one against the defendant personally, the other against the property by the enforcement of his lien. He could pursue either, and as his rights and defendant's obligations are in no manner affected by the assignment of the lease, the defendant has no more ground to complain of the enforcement of the claim against him personally, instead of subjecting his property to the lien of his landlord, than he would had there been no assignment.

AFFIRMED.