COLTON, Ex'R, v. GORHAM & MUNDY.

1. **Landlord and Tenant**: ASSIGNMENT OF LEASE: RELEASE OF TEN-
ANT BY ACTS OF LANDLORD. Plaintiff's testate leased to defendants a
hotel for a term of five years. The lease provided that the lessees should
not assign it without the consent of the lessor, and such consent was
refused when asked. Nevertheless they did assign their lease to B., who
thereupon took possession of the property and used it for the purposes of
a hotel, and the lessor, with knowledge of such assignment, and of B.'s
occupancy of the property, accepted payments of rent from him, and
receipted to him therefor, and, at his request, made repairs and altera-
tions of the property, and finally, upon B.'s abandonment of the prop-
erty, bought of him the personal property used in the hotel, and cred-
ited the price thereof upon the rent, and thereupon took possession and
occupied the property for the remainder of the term. Meanwhile the
lessor made no demand on the original lessees for rent, and gave them
no notice that he intended to look to them for payment. *Held* that these
acts amounted to an acceptance of B. as a tenant, and a release of the
original tenants, and that a recovery could not be had against them for
rent accruing after the assignment.

2. **Practice**: OPINION OF COURT: ERROR WITHOUT PREJUDICE. An
erroneous opinion of the court, expressed on the hearing of a motion
pending a jury trial, will not be ground for reversal, where the verdict is
found upon the issues of fact presented to them in the instructions, and
there is no reason to believe that the jury were in any way influenced by
the opinion thus expressed.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 7.

ACTION upon a lease to recover rent due thereon. There
was a judgment upon a verdict for defendants. Plaintiff appeals.

*Hall & Huston*, for appellant.

*S. L. Glasgow* and *Newman & Blake*, for appellees.

BECK, J.— I. The plaintiff declares upon a lease of prop-
erty situated in Galesburg, Illinois, used as a hotel. The

1. LANDLORD
and tenant:
assignment
of lease : re-
lease of ten-
ant by acts of
landlord.

lease demised the property for the term of five
years upon a rent of $2,600 per year, to be paid
in equal monthly installments. The plaintiff
claims to recover $2,000 for rent remaining
unpaid. The defendants, among other defenses, plead that,

with knowledge and consent of the lessor, they transferred the lease, by indorsement thereon, to one Brownell, who entered into the possession of the property under the lease, and became the tenant and lessee of the premises, and, before the expiration of the term, surrendered the property to the lessor, who by these and other acts ratified the assignment to Brownell, and accepted him as tenant; thus releasing defendants from the obligation to pay the rent afterwards accruing.

II. There was evidence tending to prove that the defendants assigned the lease to Brownell, who thereupon took possession of the property, and used it for the purposes of a hotel; that the lessor, with the knowledge of the assignment of the lease to Brownell, and his occupancy of the property, accepted payments for rent of him, and receipted to him therefor, and that Brownell so occupied the property for two or three years, and the lessor, at his request, made repairs and alterations of the property, and finally, upon Brownell's abandonment of the property, bought the personal property used by him in the hotel, and credited the price of the same upon the rent, and thereupon took possession of the property, and occupied it for the remainder of the term of the lease, which was more than one year. The lessor made no demand of defendants for the rents, and gave them no notice that he proposed to look to them for payment, until after the expiration of the term. The district court instructed the jury that if they should find these facts upon a preponderance of the evidence, their verdict should be for defendants; that such acts of the lessor authorized the conclusion that he accepted Brownell as his tenant, and released the defendants. In our opinion, the instruction is correct. The surrender of the premises by defendants, and their discharge by the lessor, and acceptance of Brownell as tenant, may be inferred from facts and circumstances. The law does not demand direct proof of an agreement in any form to establish such facts. Acts of the parties, or circumstances inconsistent with any

other conclusion, are sufficient to establish the fact of the surrender of the property by defendants, and their discharge by plaintiff. This position is not in conflict with the authority cited by plaintiff. In our opinion, the facts above stated, which the evidence tended to establish, are utterly inconsistent with any other conclusion than that the lessor assented to the surrender of the premises by defendants, and accepted Brownell as a tenant. The fact that the lease provided that the defendants could not assign it without the assent of the lessor, and his refusal to give such consent upon defendants' application, does not require a different conclusion. It was competent for the lessor to waive this condition by subsequent acts of the character we have indicated.

III. Counsel discuss the question whether the covenant to pay rent for the full term was expressed or implied. We find it unnecessary to pursue this inquiry, for the reason that, whatever be the character of the covenant, it was competent for the lessor to waive it by accepting Brownell as tenant, and thereby discharging defendants of their obligations to pay the rent for the full term.

IV. A motion of plaintiff for direction of the court for a verdict in his favor upon the evidence, and instructions asked by him, are in conflict with these views, and the rulings of the court thereon were therefore correctly against him.

V. The district court, in passing upon the motion just referred to, stated that he should hold that defendants were 2. PRACTICE: bound to pay the rent for the term only by an opinion of court: error implied covenant. It is now insisted that the without preju- dice. court's opinion thus announced was erroneous, and prejudicial to plaintiff. We are of the opinion that plaintiff suffered no prejudice in this regard. The jury found for defendant upon the issues of fact presented to them in the instructions of the court; and, had the court not expressed the opinion complained of, it cannot be presumed that

the verdict would have been the other way. Nor can we discover any ground for holding that the jury were in any degree influenced in their verdict by the opinion of the court upon the character of defendants' covenant.

We reach the conclusion that the judgment of the district court out to be

AFFIRMED.