W. A. BRAYTON, Appellant, v. ALLEN L. BOOMER, Appellee.

**Landlord and tenant:** TERMINATION OF LEASE: INSTRUCTION. In an action for rent, where the tenant claims a termination of the lease by agreement, but serves no statutory notice for its termination, he is not entitled to an instruction respecting the conditions under which a tenancy at will may be terminated.

**Same:** ASSIGNMENT OF LEASE: RELEASE OF ORIGINAL TENANT. Where a tenant disposes of his business and delivers possession of the leased premises to the purchaser with an agreement that the purchaser thereafter pay the rent, all of which is made known to the landlord and he tacitly consents thereto, the original tenant is released from further liability for the rent.

**Instructions:** ASSUMPTION OF FACTS. While it is error to assume in an instruction that a tenancy in fact exists, an issue respecting which there is a dispute in the evidence, yet if the instructions when construed as a whole fairly advise the jury of the law of the case, prejudice will not be presumed from the fact that a single paragraph contains such erroneous assumption.

**Termination of tenancy:** RESTORATION. Where the purchaser of a business was substituted as tenant, the fact that the original tenant allowed part of the goods which he had taken under his mortgage to remain on the premises for a time, did not restore his tenancy.

**Direction of verdict.** Where there is evidence to support a finding for either party it is error to direct a verdict.

*Appeal from Delaware District Court.*— HON. A. S. BLAIR, Judge.

Tuesday, June 12, 1906.

Action at law to recover monies due as rent of real estate. The amount demanded in the petition was $378.80. The jury returned a verdict in favor of plaintiff in the sum of $120. A motion for new trial by plaintiff was overruled, and there was judgment on the verdict. Plaintiff appeals.— *Affirmed.*

*Bronson, Carr & Sons,* for appellant.

*E. C. Perkins* and *Yoran, Arnold & Yoran,* for appellee.

Bishop, J.— Defendant went into possession of the demised premises, a business building in Delphi, on June 1, 1901, under an oral agreement. Respecting such agreement, it is the contention of plaintiff that a term of one year was agreed upon, which term was subsequently extended to January 1, 1903; and he alleges that following the latter date defendant continued to occupy as a tenant at will until about April 1, 1904. It is the contention of defendant, on the other hand, that the agreement was for a tenancy from month to month and to terminate at such time as defendant might be able to dispose of his business, and he says that in March, 1902, he did sell out his business to one Clark, who took possession and was accepted as a tenant by plaintiff Both parties agree that the rent was to be $10 per month.

I. Plaintiff requested an instruction respecting the conditions under which a tenancy at will may be terminated, and the manner of proceeding, and the request was refused. We think there was no error. Defendant did not pretend to have served a notice for termination under the statute. He was relying wholly upon an agrement for termination, and if he failed to prove the same, the right of plaintiff to re-

1. LANDLORD AND TENANT: termination of lease: instruction.

cover as demanded by him was fully made out, and the jury was so told in the instructions given.

II. In the eighth instruction given, after having correctly stated the law applicable to the facts if found to be as contended for by plaintiff, the court proceeded to tell

2. SAME: assignment of lease: release of original tenant.

the jury, among other things, that " if you find from the evidence that defendant did lease the premises, and in March, 1902, he sold out his business to Clark and delivered possession of the building to him with agreement that he, Clark, was to pay the rent thereafter, and said arrangement was made known to plaintiff who made no objections thereto, and that he, plaintiff, tacitly consented thereto, then defendant became relieved from liability for rent accruing after that time." The giving of that part of the instruction quoted is relied upon as error. It is no doubt true as a general proposition that a tenant for a term fixed continues liable on the covenants of his lease notwithstanding he may have assigned to another. *Harris v. Heackman,* 62 Iowa, 411; *Gas Co. v. Johnson,* 123 Pa. St. 576 (16 Atl. 799, 10 Am. St. Rep. 553). And if the tenancy be at will it can be terminated by one of the parties only by service of notice as provided by the statute. Code, section 2991. No one will question, however, but that the parties to a tenancy, whatever the character, may by mutual consent terminate the same at pleasure; and consent in form of words is not necessary. If the lessor, with knowledge of the assignment, so deal with the parties as that his consent to the assignment may fairly be implied — in other words, that he tacitly consented thereto — it is sufficient. *Colton v. Gorham,* 72 Iowa, 324.

III. The tenth instruction given is complained of as error, and considered by itself there is much of force in the

3. INSTRUCTIONS: assumption of facts.

contention. It reads as follows: " Evidence has been offered that in the spring of 1904 defendant took back from Clark a portion of the goods he had sold Clark, on a mortgage, and that such goods re-

mained on said premises for a short time until disposed of by defendant. You are instructed that this does not render the defendant liable for rent, as his occupancy was under said Clark and not as a lessee of plaintiff." Now in this instruction there is assumed a tenancy in Clark, and this in face of the fact that plaintiff by pleading and evidence was contending that as between himself and Clark a tenancy never arose; that the tenancy of defendant continued down to the time of the commencement of this action. That it is error to assume in an instruction a fact as true which is in issue and respecting which the evidence is conflicting cannot be doubted. We have frequently so held. *Case v. Burrows,* 52 Iowa, 146; *Hutton v. Doxsee,* 116 Iowa, 13. But the instructions given to a jury are to be considered and construed together. And if in connection with the whole a paragraph of the charge made the subject of challenge is not misleading, and the jury is fairly advised as to the law of the case, prejudice will not be presumed because such paragraph standing alone may not be in all respects appropriate to the case. *Beaver v. Eagle Grove,* 116 Iowa, 485; *Faust v. Hosford,* 119 Iowa, 97.

Now here the court told the jury in the eighth paragraph of the charge, and in explicit language, that, in the absence of a finding that plaintiff had accepted Clark as a tenant when the latter went into possession (as **4. TERMINATION OF TENANCY: restoration.** confessedly he did in March, 1902), the defendant was liable for the rent of the premises for the full time covered by the allegations of the petition. It appears in evidence that in the spring of 1904, defendant took possession of the goods of Clark, situated on the premises, under a chattel mortgage, and that such goods there remained for a few days until sold pursuant to the terms of the mortgage. Undoubtedly it was to the fact thus disclosed in evidence that the tenth paragraph of the instructions complained of was addressed; and in the light of the fact situation it seems clear that the thought intended to be conveyed by the instruction was that if found that a tenancy

on the part of Clark had been substituted for a tenancy on the part of defendant in March, 1902, the fact of the brief subsequent occupancy by defendant could not be accepted as sufficient to restore the relation of landlord and tenant as between plaintiff and defendant. Not only was the proposition correct in law, but we think the jury must have understood the thought of the court to be as we have outlined.

IV. By a motion to direct a verdict in his favor, and again by motion for new trial, the defendant challenged the sufficiency of the evidence to warrant a finding in favor of the contention of defendant. Both motions were overruled, and we think correctly so. There was a conflict in the evidence, and a finding either way would not have been without substantial support. In this situation the case was properly sent to the jury, and the verdict found should not be disturbed.

5. DIRECTION OF VERDICT.

Other errors suggested are either not argued or are without merit. We conclude that the judgment was warranted, and it is *affirmed*.