W. M. KEELEY, Appellant, v. C. H. BEENBLOSSOM et al., Appellees.

LANDLORD AND TENANT: When Assignment Works Surrender
1   of Lease. A tenant's obligation to pay rent is not terminated
by the naked fact that the tenant, with the consent of the land-

lord, assigns the lease, and the landlord thereafter receives the rent from the assignee; but such result will follow from the additional act of the landlord in exacting from the assignee conditions separate and distinct from those exacted of the former tenant. ·

**LANDLORD AND TENANT:** Scope of Lien. A lien on the property of an original tenant, reserved solely "to secure the *rent* at any time remaining unpaid," may not be enforced for the payment of *damages* done to the property by one to whom such tenant has, with the consent of the landlord, assigned the lease.

*Appeal from Washington District Court.*—JOHN F. TALBOTT, Judge.

MAY 20, 1918.

SUIT in equity to recover an amount claimed to be due for rent of real estate, and to foreclose a lien by which the payment of such claim is alleged to be secured. The issues were tried to the court, which found for the plaintiff, as prayed, against the defendant Beenblossom, and dismissed the petition as against the other defendants. Plaintiff appeals.—*Affirmed.*

*Eicher & Livingstone,* for appellant.

*Charles A. Dewey,* and *Brookhart Brothers,* for appellees.

WEAVER, J.—Under date of February 27, 1912, the plaintiff, in writing, leased a part of a certain building and lot in the city of Washington, Iowa, to I. W. Shenefelt, for the term of three years, at $70 per month, payable on the last day of each month. Among other things, the lease provided that the tenant should not assign the same without the lessor's consent in writing. On May 13, 1913, Shenefelt assigned the lease to J. W. Cox. The plaintiff, in writing, consented to the assignment; but, as a condition thereof, required the assignee to agree to other terms, in addition to those contained in the lease as made between

*1. LANDLORD AND TENANT: when assignment works surrender of lease.*

plaintiff and Shenefelt. For example, these additional terms limited the use to which the building could be put, to the keeping of a restaurant therein; prohibited loud talking, singing, and playing of musical instruments therein; prohibited the display of goods on the sidewalk and the placing of signs and paintings on said building; and inserted other stipulations, none of which had been made a part of the original contract. Cox took possession under the lease as thus modified, and continued therein until September, 1913, when he transferred all his rights and interest in the premises to C. H. Beenblossom. No written assignment was made by Cox, but the evidence fairly shows the transfer and the acquiescence of the plaintiff therein. The rent, as it fell due, was paid by Shenefelt direct to plaintiff until the assignment to Cox, who thereafter paid the same to plaintiff until Beenblossom took possession. For nearly or quite two years thereafter, Beenblossom paid the rent; but plaintiff claims that he finally defaulted therein, leaving several of the later installments unpaid. To recover this claim for rent and certain items of expense and damages alleged to be due under the terms of the lease, and to foreclose the lien reserved to secure the rent, this action was begun, February 24, 1916. The defendant Beenblossom did not appear to the action, and a decree was entered against him, as prayed. Shenefelt and Cox filed separate answers, denying plaintiff's claim, and further alleging that plaintiff had consented to the assignment of the lease from Shenefelt to Cox and from Cox to Beenblossom, and had, in each instance, accepted the assignee as his tenant, and released the assignor from further liability for the payment of rent. On trial to the court, the issues were found in favor of the answering defendants, the petition was dismissed, and plaintiff has appealed.

I. Giving first attention to the issue between plaintiff and Shenefelt, it is very clear that plaintiff has no right of recovery. It is true, of course, as argued by appellant, that the mere assignment of a lease has no effect to release the tenant from his contract obligation to pay the agreed rent

to the end of his term. It may further be said that the mere fact that the landlord consents to the assignment, or thereafter receives rent from the assignee, will not, of itself, discharge the original lessee from such liability. If, however, the landlord expressedly or. impliedly consents to treat the lease as having been surrendered or abandoned, and enters into a new or substituted lease with the assignee, the contract relation between the original parties is severed, and the obligation of the original lessee to pay rent ceases. Such surrender of the first lease and release of the first lessee may be implied from circumstances, even where the lease forbids an assignment without the lessor's written consent. *Colton.v. Gorham,* 72 Iowa 324; *Brayton v. Boomer,* 131 Iowa 28; *Cohen v. Todd,* 130 Minn. 227 (153 N. W. 531) ; *Golding v. Brennan,* 183 Mass. 286; *Wilbur v. Collin,* 4 App. Div. (N. Y.) 417; *Martin v. Stearns,* 52 Iowa 345, 347; *Bowen v. Haskell,* 53 Minn. 480; *Cummings v. Adam,* 4 N. J. L. Jour. 215; *Murray v. Shave,* 2 Duer (N. Y.) 182; *Nachbour v. Wiener,* 34 Ill. App. 237; *Levering v. Langley,* 8 Minn. 107. Now, in the case before us, when Shenefelt proposed to assign his lease to Cox, and sought plaintiff's consent to such change, plaintiff, as a condition of his consent, required Cox to take upon himself other and additional obligations not embodied in or made part of the lease as it had existed between the original lessor and lessee. This demand having been complied with, Cox went into possession; and, so long as he remained therein, paid the rent direct to plaintiff. In other words, and in legal effect, a new tenancy was created between plaintiff and Cox, and substituted for the tenancy which had existed between plaintiff and Shenefelt. It would seem to require no argument to demonstrate that, under such circumstances, no right exists in plaintiff to recover from Shenefelt the rents thereafter accruing. To adopt the language used by this court in the *Colton* case, supra:

"The law does not demand direct proof of an agreement to establish such facts. Acts of the parties, or circumstances inconsistent with any other conclusion, are sufficient to es-

tablish the fact of the surrender of the property by defend
ants and their discharge by plaintiff."

II. As between the plaintiff and the defendant Cox, the
merits of the case are less clear. We think, however, that,
for the purposes of this branch of the
case, Cox should be treated as an original
lessee, from the date when he bought out
Shenefelt and agreed to the modified form
of the lease. His subsequent assignment of the lease to Been-
blossom did not relieve him from liability for the rent, un-
less it can be said that plaintiff consented to accept the
latter as his tenant, and release Cox. The trial court evi-
dently found that such was the understanding; and, while
plaintiff disputes the fact, we are inclined to the view that
the decision is right. Cox testifies that, before selling out
his interest, he consulted plaintiff, and obtained his verbal
consent to the change, which consent was given without any
suggestion that plaintiff would continue to hold Cox liable
for the rent, until two years or more thereafter, and very
shortly before Beenblossom quit. The assignment or trans-
fer by Cox appears to have been a verbal arrangement, to
which plaintiff assented; and when, some months later,
Beenblossom asked for a writing, plaintiff prepared a form
which he himself executed and delivered to Beenblossom,
saying to him that he could get Cox's signature when it was
convenient, and that it was immaterial whether Cox signed
it or not. Again, the lien which the original lease provided
to cover all the tenant's property on the premises was given
to secure "the rent at any time remaining unpaid," and could
not have been enforced for the payment of claims for
damages done to the premises by the negligence of Been-
blossom. That lien the plaintiff voluntarily abandoned, by
taking from Beenblossom a chattel mortgage on the same
property to secure the lump sum of all his claims, including
rent and damages, and by selling the property to enforce
such payment,—a step he would hardly have taken were he
relying upon the original liability of Cox; for, in such case,

2. LANDLORD AND
TENANT:
scope of lien.

Cox would have been entitled to have the lien enforced for the rent alone, and not for the payment of damages occasioned by Beenblossom's negligence, an item for which, on no proper theory of the case, could Cox be held accountable. Again, while plaintiff claims that he kept a book account of the various items sued upon, and that they were charged to the account of Shenefelt, he nowhere says that any of them were ever charged to Cox. Indeed, plaintiff's own version of the consent he gave to the transfer from Cox to Beenblossom inferentially negatives the idea that he expected or understood that Cox was to remain liable on the lease; for he says:

"Finally, I told him (Cox) I would make no objection to his selling out, but that any deal he made should not work a release of the obligations of Shenefelt to pay the rent and obey the lease unless performed by Beenblossom."

In other words, he permitted the latter to be substituted as tenant, relying not upon any continued obligation of Cox, but upon that of Beenblossom, and upon what he seems to have conceived to be the continuing obligation of Shenefelt. Altogether, the conduct of the parties, including the plaintiff, is more consistent with the conclusion that plaintiff accepted the tenancy of Beenblossom as a substitute for that of Cox, releasing the latter from further obligation, after his surrender of the possession.

It follows that the decree below is right, and it is, therefore,—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.