SARAH J. GOLDTHORP, Appellant, v. H. J. KEENAN et al., Appellees (and two other cases).

**APPEAL AND ERROR:** Harmless Error—Improper Exclusion in Law
1    and Proper Reception in Equity. The improper exclusion of testimony in a law action is harmless, when the excluded testimony was received in a pending equity cause involving the identical subject-matter.

**TRIAL:** Calendars—Transfers—Landlord's Attachment. An action in
2    landlord's attachment, commenced in equity, should be transferred to the law calendar.

**LANDLORD AND TENANT:** Leases—Consent—Assignment Releases
3    Lessee. The assignment of a lease by the lessee with the written consent of the lessor releases the former lessee from all liability for future-accruing rent, especially when the provisions of the lease clearly contemplate such a result.

**CHATTEL MORTGAGES:** Lien and Priority—Subsequently Installed
4    Machinery. A chattel mortgage which recites an intention "to cover all the buildings, structures, and improvements, including [named drying, electric, and plumbing systems] and all other permanent fixtures that heretofore have been, are now being, or that may hereafter be, erected * * * in connection with said land," executed by a corporation and by the sole stockholders thereof as security for a loan for the express purpose of constructing and equipping a laundry, covers machinery subsequently and firmly installed in the building, irrespective of the question whether such machinery constituted trade or permanent fixtures. It follows that a stockholder may not claim priority over said mortgage on the claim that he personally paid for said machinery.

*Appeal from Dubuque District Court.*—D. E. MAGUIRE, Judge.

MARCH 16, 1921.

REHEARING DENIED OCTOBER 1, 1921.

PLAINTIFF appeals from the judgment of the court in a law action, consolidated with two actions in equity, and also from the separate decree entered in each of the equity actions. The issues and material facts are fully stated in the opinion.—*Reversed in part and remanded.*

*Kenline & Roedell,* for appellant.

*Hurd, Lenehan, Smith & O'Connor,* for appellee.

PER CURIAM.—I. The issues and questions involved in these cases will be more easily understood, if preceded by a somewhat extended preliminary statement of the record. On September 13, 1915, plaintiff, by written lease, leased to H. J. Keenan and J. P. Foley a tract of ground, described as the southeasterly 25x118 feet of Lots 752 and 753, in the city of Dubuque, on which to erect and equip a building to be used for a laundry. The lease was for a term of 25 years, with the right of renewal for a like term, if desired by lessees. The rent to be paid was $200 per year, payable quarterly. Further material provisions of the lease will be stated later.

On October 15, 1915, Keenan and Foley, lessees, in writing assigned the lease to the Foley Hand Laundry Company, Incorporated, and on January 21, 1916, gave plaintiff written notice thereof. This corporation was organized by the lessees for the purpose of taking over the lease, and erecting and equipping a building upon the leased premises, and for carrying on a laundry business. All of the stock was owned by Keenan and Foley. By the terms of the lease, the lessees agreed to protect the leased premises against mechanics' liens, to pay all taxes, general and special, that might be levied against said property, and to keep the building insured for two thirds of its value. On January 21, 1916, the Foley Hand Laundry Company, Incorporated, executed a chattel mortgage to plaintiff upon its interest in the leased premises and upon the laundry building then in process of construction, the mortgage reciting that:

"This mortgage being intended to cover all of the buildings, structures, and improvements, including the heating and drying plant and system, the electric lighting system with its

wiring and fixtures, the plumbing system and all other permanent fixtures, that heretofore have been are now being or that may be hereafter erected or constructed upon or in connection with said land by the grantor herein, its successors, or assigns, and the grantor herein, said Foley Hand Laundry Company, Incorporated, and also the said J. P. Foley, Mary his wife, and H. J. Keenan, warrant the title to said property so hereby conveyed against all persons whomsoever, and against all liens and incumbrances.''

The mortgage was given to secure the payment of a loan of $5,200, $4,000 of which had been previously agreed upon in writing between the parties. Notes aggregating the above amounts were executed and delivered to plaintiff, as follows: January 21, 1916, $2,000; March 9, 1916, $800; April 10, 1916, $2,400,—signed by the corporation, by J. P. Foley, President, and also by J. P. Foley and H. J. Keenan personally.

Some time during the latter part of 1915, machinery to the amount of $5,976.25 was purchased of the American Laundry Machinery Company, of Chicago, and in due time installed in the building erected by lessees upon the leased premises. Lessees failing to pay the rent and taxes and to keep the property insured according to the terms of the lease, and having allowed a mechanics' lien for $482.50, plus costs of $1.80, to be filed against the property, plaintiff, on February 18, 1918, commenced an action in equity against all of the defendants, alleging that there was due her, rent in the sum of $150, $482.50 advanced for the assignment of a mechanics' lien, taxes, $886.10, and insurance premiums, $40.95, and praying judgment for the amount of said claims, and that defendant be restrained from removing any of the property from the leased premises. A landlord's writ of attachment was issued and levied upon certain machinery and equipment in the building, notice of which was served upon all defendants. Later, upon motion of the defendant corporation, this cause was transferred to the law docket, and tried to the court as a law action.

On February 21, 1918, plaintiff also commenced separate actions in equity against the defendants as follows: One upon the three promissory notes for $2,000, $800, and $2,400, respectively, praying the foreclosure of the chattel mortgage executed

by the defendant corporation to secure the payment thereof; another, for the foreclosure of the mechanics' lien for $482.50, which, as above stated, plaintiff purchased and had assigned to her, to prevent foreclosure by the owners thereof.

The lease provided that, in case any installment of rent remained unpaid for a period of 30 days after due, or in case of failure to pay taxes within 30 days after due, the lease would be forfeited, and the lessor would have the right to take possession of the premises. On February 28, 1918, plaintiff caused a written notice of forfeiture of the lease to be served upon H. J. Keenan and the Foley Hand Laundry Company. H. J. Keenan died on April 13, 1918, and W. H. Keenan, administrator of his estate, was substituted as defendant, and, on December 18, 1918, filed answer in the law action and in the suit upon the notes and to foreclose the chattel mortgage. In the answer to the petition of plaintiff in the first of the above-mentioned actions, the administrator set up the assignment of the lease by Foley and Keenan on September 30, 1915, to the defendant Foley Hand Laundry Company, Incorporated, and averred that, by the terms and provisions of said lease, H. J. Keenan was released from all of the obligations thereof, and also alleged that the machinery installed on the leased premises was purchased by H. J. Keenan personally, and was not the property of the corporation, and denied that plaintiff's landlord's lien attached thereto.

For answer to the petition in the action to foreclose the chattel mortgage, the administrator alleged that the consideration for the notes was paid to and used by the Foley Hand Laundry Company, Incorporated; that he received no part thereof; and that he signed said notes as an accommodation maker only. The answer further denied that the machinery purchased by H. J. Keenan and placed in the building on the leased premises was covered by the lien of the chattel mortgage.

Plaintiff, by way of reply to the answer of the administrator in each of the above-mentioned cases, set up certain facts which plaintiff claimed operated as an estoppel against said administrator to claim that H. J. Keenan was released from the obligations of the written lease, or that the machinery installed in the laundry building was not subject to the liens of the lease and

the chattel mortgage. The matters alleged in said reply and relied upon to constitute estoppel were, in substance, that the said H. J. Keenan, in all his dealings with plaintiff, treated the machinery as the property of the defendant corporation, and that, at the time the loan was negotiated with plaintiff, the said Keenan induced the plaintiff to believe that he intended the mortgage to cover the machinery and all the equipment and improvements on the leased premises. No appearance was entered by any of the defendants in the action to foreclose the mechanics' lien.

All of the above cases were consolidated, and tried to the court in December, 1918. On May 8, 1919, separate decrees were filed therein.

In the law case, the court gave plaintiff judgment against the defendant corporation for the amount of the rent then due, and for the sum paid for the assignment of the mechanics' lien, confirmed the writ of attachment, and authorized the sale of all of the property belonging to the defendant corporation seized thereunder, and ordered special execution for the sale thereof; but sustained the claim of the administrator that the machinery placed in the building was the personal property of his decedent, and held that it was not subject to the landlord's lien. The court, in the action upon the notes and to foreclose the chattel mortgage, awarded judgment against all of the defendants for $6,046.05, the amount of the notes, decreed the foreclosure of the mortgage, and ordered that special execution be issued for the sale of the following property, to wit:

"All interest which the defendants have or may have in and to a certain lease of Sarah J. Goldthorp to J. P. Foley and H. J. Keenan, dated September 30, 1915, the same being identified as 'Ex. No. 1.' Also, all right, title, or interest which the said defendants or any of them have or may have in and to the easterly twenty-five (25) feet in width of city Lot No. seven hundred fifty-two (752) and the easterly twenty-five (25) feet in width of the southerly fifty-four (54) feet of city Lot No. seven hundred fifty-three (753), both in the city of Dubuque, county of Dubuque, and state of Iowa, according to the United States commissioner's plat of the survey of the town of Dubuque, together with all buildings, structures, and improvements there-

on, including the heating and drying plants and system; the electric lighting system with wiring and fixtures; the plumbing system, and all other permanent fixtures. The court further finds that 'permanent fixtures' shall include only all buildings and structures on said described property, together with the engine, boiler, water pump, water tank on roof; the main power shafting and all pulleys thereon; the radiators and all steam or hot water pipes in any manner connected with said radiators, or used in conveying steam or water thereto or therefrom; all of the electric lighting system, and its wiring and fixtures; and all lavatories and toilets and plumbing connections therewith; and that, aside from the said items, no machinery or other fixtures in said building shall be considered permanent fixtures.''

The court also, in the decree in this action, found specially that the machinery, except as above, was the property of the estate of Keenan, and not subject to the lien of the mortgage. Judgment was also entered against the Foley Hand Laundry Company, Incorporated, for $1,031.86, the amount of taxes and insurance paid by plaintiff, recovery for which was also asked, but denied in the law action. The court further ordered that the proceeds received from the sale of the mortgage property upon special execution be applied as follows: First, to the payment of costs; second, upon the judgment for $6,046.05; and any sum remaining, upon the judgment for $1,031.86. The decree further provided that, if the proceeds of the sale were insufficient to pay the above-named judgments for $6,046.05 against all defendants, then that special execution issue for the sale of the property levied upon by the sheriff as the property of H. J. Keenan, and that the proceeds be applied to the payment of the balance due on said judgments. The action to foreclose the mechanics' lien was dismissed at plaintiff's costs.

It will thus be seen that the court entered judgment for the taxes due, insurance premiums, and the amount paid for the assignment of the mechanics' lien in the law action, and awarded special execution therefor against the attached property. While this method of disposing of the issues in the action to foreclose the mechanics' lien is somewhat irregular, it does not appear to have been prejudicial to appellant, and the judgment will, therefore, be permitted to stand. The principal exceptions of appel-

lant to the rulings and judgment of the court below which we deem it necessary to discuss herein, briefly stated, are as follows: To the transfer of the action for landlord's attachment, in which recovery was sought for taxes and insurance premiums advanced, to the law docket for trial; to the decree sustaining the assignment of the lease by Foley and Keenan to the Foley Hand Laundry Company, Incorporated, and relieving H. J. Keenan from the obligations of the lease; and to the refusal of the court to decree foreclosure of mortgage upon all of the machinery and property in the laundry building. Other contentions of counsel will be referred to hereafter.

The record shows that the court, upon objection of counsel, excluded some of the offered testimony in the law action, but admitted it in the trial of the equity issues. Complaint is made

1. APPEAL AND ERROR: harmless error: improper exclusion in law and proper reception in equity.

by appellant of these rulings, some of which we think erroneous; but as, under the rule in this state, the equity issues will be disposed of first, these rulings, under the issues in the consolidated actions, were without prejudice. *Groen v. Ferris*, 189 Iowa 21; *Twogood v. Allee*, 125 Iowa 59; *Dille v. Longwell*, 169 Iowa 686; *Tinker v. Farmers State Bank*, 178 Iowa 972.

II. An action under Section 2993 of the Code to enforce a landlord's lien is prosecuted by ordinary proceedings, and, under Section 4354 of the Code, an injunction may issue in such

2. TRIAL: calendars: transfers: landlord's attachment.

case to restrain the removal of property from the leased premises, where some part of the rent is not yet due. The motion to transfer the case to the law side of the docket for trial was, therefore, properly sustained. *Mills v. Hamilton*, 49 Iowa 105; *Ten Eyck v. Sjoburg*, 68 Iowa 625; *Gibbs v. McFadden*, 39 Iowa 371; *Riddle v. Beattie*, 77 Iowa 168.

III. We come now to consider one of the principal questions in this case. Paragraph 5 of the lease, as originally written, provided that it should not be assigned, or the premises

3. LANDLORD AND TENANT: leases: consent: assignment releases lessee.

sublet, without the written consent of the lessor, indorsed upon said lease. Paragraph 10 authorizes the lessees to assign the lease, or to sublet the premises without the written consent of the

lessor, during the term for which the lease might be renewed for a second 25 years, provided that all of the covenants and conditions of the lease required of the lessees had been kept and performed, and provided further that such assignment should be in good faith, and that, in case of such assignment, the lessees should be released from all future maturing obligations under the lease. A slip signed by plaintiff, by Joseph E. Foley, and by H. J. Keenan, modifying Paragraph 5, was attached to the lease. Just when this was signed is not quite clear. It is provided in this slip that either of the lessees may, at any time, transfer his interest in the lease to the other, or to any partnership or corporation organized for "the purpose of carrying on the business in or in connection with the leased premises," and that such assignment or transfer, when made, is to be subject to the conditions of Paragraph 10 of the lease. On October 15, 1915, J. P. Foley and H. J. Keenan, by a separate instrument in writing, assigned the lease to the Foley Hand Laundry Company, Incorporated, and on January 21, 1916, gave written notice thereof to plaintiff.

Plaintiff contends that she did not, by the execution of the slip attached to Paragraph 5 of the lease, intend to release Foley and Keenan from the obligations of the lease, and that she did not understand that such would be the effect of an assignment by them to a copartnership or corporation, as therein provided. All of the business of the lessees, after the assignment, was conducted entirely in the name of the assignee, and the fact of the assignment is set up in each of the petitions filed in which the Foley Hand Laundry Company is made defendant. We have repeatedly held that, when the landlord has knowledge that a lease has been assigned to one who goes into possession of the leased premises, and consents thereto or acquiesces in such assignment and possession thereunder, he must look to the assignee alone for the payment of rent. *Colton v. Gorham & Mundy,* 72 Iowa 324; *Brayton v. Bloomer,* 131 Iowa 28; *Keeley v. Beenblossom,* 183 Iowa 861.

The separate stipulation signed by plaintiff, giving consent to Keenan and Foley to assign the lease, specifically provides that it shall be subject to the conditions of Paragraph 10 of the lease. One of the provisions thereof was to release the assignor

from all future obligations under the lease. None of the rent for which suit is brought was past due at the time of the assignment to the corporation. All of the contracts for the erection of the building, the plumbing, etc., were made in the name of the defendant corporation. The lease and slip modifying Paragraph 5 were prepared by a lawyer employed by plaintiff, and it may be assumed that, if plaintiff did not intend that Foley and Keenan should be released from the obligations of the lease, the writing would have so stated. We are of the opinion, and hold, that the assignment of the lease by the original lessees to the defendant corporation, with the knowledge, written consent, and acquiescence of plaintiff, required that she thereafter look to the assignee alone for the payment of rent; and therefore the decree of the court below in this action will not be disturbed.

IV. As we have already shown, the court, in the action upon the three notes for $2,000, $800, and $2,400, respectively, and to foreclose the chattel mortgage, held that the larger part

4. CHATTEL MORT-GAGES: lien and priority: subsequently installed machinery.

of the machinery, installed in the building and used in connection with the laundry, consisting of a large amount of heavy machinery, set in a cement foundation, attached by means of heavy bolts or screws, and all of it connected and firmly attached and in proper position for use, was purchased upon the credit of H. J. Keenan, and belonged to his estate, and was not, therefore, subject to the lien of the chattel mortgage.

Appellant also contends that the machinery, because of its character, use, and the manner of its attachment to the premises, became a part of the realty, and that, therefore, the mortgage became a lien thereon. This is largely a matter of intention. *Ray v. Young,* 160 Iowa 613; *Fehleisen v. Quinn,* 182 Iowa 1283; *Winnike v. Heyman,* 185 Iowa 114; *Keeley v. Beenblossom,* 183 Iowa 861; *Snyder v. Collins,* 184 Iowa 122; *Ottumwa Woolen Mill Co. v. Hawley,* 44 Iowa 57. In view of our conclusion that the mortgage is, in fact, a lien upon this property, it need be given no further consideration. The erection of a building equipped for use as a laundry was contemplated by the terms of the original lease, and on September 30, 1915, Mrs. Goldthorp and H. J. Keenan entered into an agreement by the terms of which she agreed to loan Keenan and Foley $4,000 with

which to erect the building, payment of which was to be secured by mortgage upon the buildings and improvements erected, or to be erected, upon the leased premises. Following the designation of the building and lots, the description of the property in the mortgage is as follows:

"This mortgage being intended to cover all of the buildings, structures, and improvements, including the heating and drying plant and system, the electric lighting system with its wiring and fixtures, the plumbing system and all other permanent fixtures that heretofore have been are now being or that may be hereafter erected or constructed upon or·in connection with said land by the grantor herein, its successors, or assigns, and the grantor herein, said Foley Hand Laundry Company, Incorporated, and also the said.J. P. Foley, Mary, his wife, and H. J. Keenan, warrant the title to said property so hereby conveyed against all persons whomsoever, and against all liens and incumbrances."

The mortgage, it is true, was executed in the name of the corporation, but both it and the notes were signed by Foley and Keenan personally. The amount of the loan was $5,200, instead of $4,000, as previously agreed in the contract of September 30th. The record shows that Keenan gave his personal notes for the greater part of the purchase price of the machinery, but $1,000 thereof was paid in cash at one time by the check of the Foley Hand Laundry Company, and $500 at another. The expense of drayage and of installation of the machinery was paid by the corporation. Likewise, while in storage, the machinery was insured in the name of the corporation, and the building and machinery, after installation, were insured and were listed. for taxation in the name thereof. Keenan and Foley owned all of the capital stock of the corporation, and, notwithstanding the fact that the corporation was a separate and distinct entity, the machinery was purchased for the use of the laundry; and, while notes were given by H. J. Keenan for a portion of the purchase price thereof, we think the whole course of dealing, as disclosed by the record, shows that it was the intention of Keenan, at the time of the execution of the chattel mortgage, that it should become a lien upon the machinery, as well as upon the building and other property described therein. Keenan did

not at any time indicate to appellant that he owned the machinery personally, or that the corporation had no interest therein or did not intend the chattel mortgage to become a lien thereon, nor does she appear to have ever heard of such claim on the part of Keenan until long after the loan was made. We need not go further into detail in stating the record. Suffice it to say that we have no doubt that the mortgage was intended by all of the parties to cover the property in question. It is immaterial to the determination of this issue whether the machinery became permanent fixtures or not, and we refrain from expressing an opinion upon this point. Notice of forfeiture under the provisions of the lease, under which appellant claims all of the property of lessees on the leased premises, was served upon the defendants some time after the action for a landlord's writ of attachment was instituted. Some reliance is placed by appellant upon this notice; but, as it is unnecessary for us to decide whether the machinery should be treated as trade or permanent fixtures, we refrain from adjudicating either of these questions.

In so far as the decree of the court below in the action to foreclose the chattel mortgage holds that it is not a lien upon the machinery in question, it is set aside, and the cause remanded for judgment against the mortgagors for the full amount of the notes, for insurance paid by plaintiff after the execution of said mortgage, and for taxes accruing thereafter and paid by her, and for decree making same a lien upon the machinery, building, and all other property described in said mortgage, and for the foreclosure thereof and special execution against said property; or, if the parties prefer, decree may be entered in this court. In all other respects, the several decrees and judgments entered below, so far as not inconsistent with the findings of this court, will stand.—*Reversed in part and remanded.*