ALBERT H. SEEBURGER, Trustee, Appellee, v. BEN F. COHEN et al., Appellants; COHEN-PANOR INVESTMENT COMPANY et al., Defendants.

No. 41774.

MARCH 14, 1933.

Parrish, Cohen, Guthrie & Watters and Stuart S. Ball, for appellants Ben F. Cohen and Sol Panor.

Rippey & Seeburger, for appellee.

KINDIG, C. J.—Raimund Seeburger and wife, on October 25, 1910, in writing leased to Isaac H. Ruben certain real estate in Des Moines for a term of fifty years. This lease provided for rentals at the rate of $625 per month, payable by the lessee, his heirs and assigns, on the 1st day of each month during the term of the lease. Also the lease further provided that the lessee, his heirs and assigns, should pay, on behalf of the lessor, all of the taxes, public rates, and special assessments of every kind and nature assessed, levied, or charged upon or against the property or the improvements thereon during the term of the lease. Furthermore, the lease granted the lessee the right to sublet or underlet and to sell and assign the lease, according to the terms thereof.

Ruben, the lessee, occupied the premises under the lease until July 27, 1913. There was a three-story building with basement on

the leased premises. On July 27, 1913, last named, Ruben assigned the lease in writing to the defendants-appellants, Ben F. Cohen and Sol Panor. These assignees took possession of the premises and paid rent to the lessor, according to the terms of the lease, until October 22, 1913, when they reassigned the lease to the Cohen-Panor Investment Company, a corporation. When obtaining the lease by assignment, the corporation entered the premises and occupied the same until July 1, 1928, at which time it reassigned the lease to the Panor Realty Company, also a corporation. The last-named corporation was in occupation of the premises at the time of default in the payment of the rent which gave rise to the present action. Apparently there were other partial assignments of, or subletting of, the lease. However, under the record these last-named transactions are not material.

It seems that neither the lessee nor the assignees paid to the lessor the balance of the rent accruing under the lease after the assignment thereof by the appellants, and, on March 15, 1932, the lessor demanded the key to the premises. Proceedings were taken to terminate the lease, the key for the building was surrendered to the lessor, and finally, on November 28, 1932, the present action was commenced to recover the unpaid rents, taxes, and assessments due and payable under the lease before the termination thereof, but accruing after the assignment thereof by appellants.

Raimund Seeburger, the lessor, died, and Albert H. Seeburger was duly appointed trustee by the district court of Polk county. Consequently Albert H. Seeburger, as such trustee, commenced the action for the rent against Ben F. Cohen and Sol Panor, the defendants-appellants, and Cohen-Panor Investment Company, Panor Realty Company, Mason's, Incorporated, and Stewart's, Incorporated, defendants. Judgment was entered against the appellants, Ben F. Cohen and Sol Panor, as well as against the other defendants, for rents unpaid and taxes and assessments due. Accordingly the appellants, Cohen and Panor, appeal. They ask a reversal of the judgment of the district court on the theory that they were merely assignees of the lease who reassigned the same and thereby terminated any liability for rents and taxes under the lease accruing after the reassignment.

On the other hand, it is claimed by the appellee that these appellants accepted a written assignment of the lease, entered into possession of the premises thereunder, and therefore are liable for the

rents and taxes accruing after the reassignment. This is especially true, the appellee declares, because the lease provides that the rent and taxes shall be paid by the lessee and his assigns. Such, in a general way, is a statement of the facts involved.

. I. It is argued by the appellants that they were only liable for the rent due under the lease assigned to them during the time they occupied the premises before the reassignment. That liability arose, the appellants declare, because of the privity of estate between the lessor and the assignee, but not because of privity of contract.

Replying to that contention, the appellee maintains that the liability of the appellants under the assignment of the lease to them for the rents and taxes in question arose because of privity of contract. There is a long line of cases, commencing at an early period in the history of the common-law jurisprudence and extending to the present day, holding that the liability of an assignee under a lease, unless the obligations of the lease are expressly assumed, arise under the doctrine of privity of estate. To illustrate, the following is the text preceding annotations in 36 A. L. R. on page 316: "It is established by an unbroken line of authority that where a lease containing an express covenant to pay rent has been assigned, the fact that the lessor thereafter accepts rent from the assignee does not release the lessee from his liability for rent during the remainder of the term, the assignment terminating the privity of estate between the lessor and the lessee, but not the privity of contract." This text in the American Law Report named is followed by a long list of cases from the courts of the various states sustaining it.

Likewise it is said in 52 L. R. A. (N. S.) reading on page 980:

"Since a valid assignment by the lessee, and in acceptance of the leasehold by the assignee, creates privity of estate between the latter and the lessor, the assignee becomes liable to the lessor for rent so long as such privity continues."

That text is supported by a long list of cases which may be found in the Lawyers' Report named. For other authority upon this proposition, see 16 R. C. L. 864, section 367; 35 Corpus Juris 996; Dassori v. Zarek, 71 App. Div. 538, 75 N. Y. S. 841; Consolidated Coal Co. v. Peers, 166 Ill. 361, 46 N. E. 1105, 38 L. R. A. 624; Meyer et al. v. Alliance Investment Company, 84 N. J. Law 450, 87 A. 476; Linke v. Greenfield, 104 N. J. Law 320, 140 A. 314; Donaldson v. Strong, 195 Mass. 429, 81 N. E. 267; Hartman v. Thompson, 104

Md. 389, 65 A. 117, 118 Am. St. Rep. 422, 10 Ann. Cas. 92; Washington Natural Gas Company v. Johnson et al., 123 Pa. 576, 16 A. 799, 10 Am. St. Rep. 553; Mann v. Ferdinand Munch Brewery, 225 N. Y. 189, 121 N. E. 746; Frank v. New York, Lake Erie & W. R. Co. et al., 122 N. Y. 197, 25 N. E. 332. The general rule is referred to in the following Iowa cases: Pickler v. Mershon, 212 Iowa 447, 236 N. W. 382; Kennedy Brothers v. Iowa State Insurance Co., 119 Iowa 29, 91 N. W. 831. In the Pickler case, on page 452 of 212 Iowa, 236 N. W. 382, many authorities are cited in support of the rule.

Regardless of that general rule, however, the appellee contends that another doctrine was inaugurated by this court in Central State Bank v. Herrick, 214 Iowa 379, 240 N. W. 242. In the Central State Bank case the only rent involved was that accruing during the occupancy of the assignee. Therefore that decision is not authority for the proposition involved in the case at bar. The discharge of the lessee's obligation to pay rent and perform covenants of the lease, and the assumption of such covenants by an assignee, cannot be inferred merely from the lessor's knowledge of an assignment of the lease by the lessee and the acceptance of rent from the assignee. Before the lessee will be discharged under such circumstances, and the assignee held liable for such obligation, the lessor must expressly or by implication accept the assignee in lieu of the lessee, and the assignee must expressly or by implication assume the lease and the obligations therein contained. Barhydt v. Burgess, 46 Iowa 476; Harris v. Heackman, 62 Iowa 411, 17 N. W. 592; Brayton v. Boomer, 131 Iowa 28, 107 N. W. 1099.

"It may further be said that the mere fact that the landlord consents to the assignment or thereafter receives rent from the assignee will not of itself discharge the original lessee from such liability," and bind the assignee therefor. Keeley v. Beenblossom, 183 Iowa 861, local citation 864, 167 N. W. 638. On the other hand, however, "if the landlord expressly or impliedly consents to treat the lease as having been surrendered or abandoned, and enters into a new or substituted lease with the assignee, the contract relation between the original parties is severed and the obligation of the original lessee to pay rent ceases. Such surrender of the first lease and release of the first lessee may be implied from circumstances even where the lease forbids an assignment without the lessor's written consent." Keeley v. Beenblossom (183 Iowa 861, at page 864,

167 N. W. 638) supra; Brayton v. Boomer (131 Iowa 28, 107 N. W. 1099), supra; Colton, Ex'r v. Gorham & Mundy, 72 Iowa 324, 33 N. W. 76; Schick v. Davenport Realty Co., 200 Iowa 997, 205 N. W. 782; Goldthorp v. Keenan, 192 Iowa 22, 181 N. W. 777; Pickler v. Mershon (212 Iowa 447, 236 N. W. 382), supra. As said in Colton, Ex'r v. Gorham & Mundy (72 Iowa 324), supra, reading on pages 325 and 326, 33 N. W. 76, 77:

"The law does not demand direct proof of an agreement in any form to establish such facts. Acts of the parties, or circumstances inconsistent with any other conclusion, are sufficient to establish the fact of the surrender of the property by" the lessees and the acceptance of the assignees as sole obligors by the lessor. Perhaps under proper circumstances the lessee and the assignee might both be liable for the rent.

Under the record in the case at bar, however, there is nothing to indicate that the appellants accepted the obligations of the lease for rent accruing after the reassignment. They entered the leased premises under the assigned lease, it is true, but after so doing for a period they then reassigned the lease to other assignees. During the time the appellants were in possession of the leased premises they paid the rent and taxes. No suggestion is made that the appellants did not entirely perform the lease while they occupied the premises.

It was said by the appellee while testifying: "I negotiated with them (the appellants) from time to time in reference to the premises on behalf of Raimund Seeburger, my father, and later on behalf of myself as trustee." Following that statement of the appellee, the district court found as follows:

"That said Ben F. Cohen and Sol Panor (appellants) went into possession of the premises described in said lease, following the assignment of the lease to them, paid rent under said lease to the lessor of the said premises, and otherwise negotiated with the lessor in reference thereto."

If the appellants did anything more than occupy the premises and pay the rents and taxes under the lease, it was to negotiate with the appellee in reference to the premises. Does such alleged negotiation, then, give rise to a contract between the lessor and the appellants as assignees? Clearly not. There is nothing to indicate what the alleged negotiations were. For all that appears in the record,

these negotiations may have amounted to no more than an attempt on the part of the appellants to induce the lessor to permit the new assignees to occupy the premises. It must be found, then, that there is nothing in the alleged negotiations which in any way indicate that the appellants entered into a contract with the lessor and thereby assumed the obligations to pay the rents and taxes after the re-assignment of the premises.

Although the cause was tried to the district court without a jury, and this court therefore would be bound by the finding of the lower court if based upon substantial evidence, yet, under the circumstances, there is no evidence in the record upon which the district court could find that the appellants obligated themselves to pay the rents and taxes accruing after the reassignment of the lease by them. But it is said by the appellee that the assignment of the lease by the lessee to the appellants and the fact that they took possession of the premises thereunder, coupled with the covenants of the lease, amount to a contract between them and the lessor for all the obligations under the lease during the entire period thereof. According to the covenants of the lease, the lessee bound himself and his assigns to pay the rent and taxes. Therefore, under the holding in Central State Bank v. Herrick (214 Iowa 379, 240 N. W. 242), supra, the appellee declares that the appellants are bound by the terms of the lease.

As before indicated, the Central State Bank case does not decide the controversy. What was said in the Central State Bank case had to do only with the liability of an assignee of a lease during the term that he occupied the premises under the assignment. There is a special reservation in the opinion against extending the scope thereof beyond the facts considered. A quotation from the text of the Lawyers' Reports Annotated, vol. 52 (N. S.) p. 979, will explain the theory of the Central State Bank case. In that note in the Lawyers' Reports Annotated, is the following statement:

"A covenant in the lease, covering the payment of rent by the lessee, runs with the land. * * * So that in those jurisdictions where the common-law forms of pleading are observed, an action of covenant in favor of the lessor may be maintained against the assignee upon the lessee's *covenants* in the lease. * * * And in those jurisdictions where the distinctions in pleading have been abolished, the assignee is held liable to the lessor for rents upon lessee's covenants, the liability being based upon *privity of contract.* * * * But

this fact is of slight importance, for the reason that the so-called privity of contract is in turn based upon privity of estate. In such cases there can be no privity of contract except that which arises out of privity of estate, so that, in the final analysis, the assignee's liability is based upon privity of estate. And the assignee is liable upon privity of estate, whether or not there is an *express covenant in the lease.*" (Italics are ours.)

It is upon that theory that Central State Bank v. Herrick (214 Iowa 379, 240 N. W. 242), supra, was decided. No other question was involved in that controversy, and the opinion is limited accordingly. While it is true that this court in Central State Bank v. Herrick, supra, permitted the recovery of attorney fees on the theory of a contract, it was said, nevertheless, that the contract was unilateral and arose out of the circumstances of the case. These circumstances were that the assignee was liable to perform the obligations of the lease while he was in possession thereunder. Necessarily, then, that obligation carried with it the duty to pay attorney's fees under the contract. This conclusion is sustained by a quotation from the opinion in Central State Bank v. Herrick (214 Iowa 379, 240 N. W. 242, 246), supra, as follows:

"Manifestly, under the above circumstances, appellant, the district court could find, has agreed to pay the rent and taxes named in that contract during the *period of his occupancy.*"

There is nothing in the Central State Bank case which in any way indicates that the appellants in the case at bar have obligated themselves to pay rents and taxes under the lease in question accruing after the time of their reassignment thereof. Their obligation under the circumstances was limited to the payment of the rents and taxes accruing during the period of their occupancy. The theory of that liability may be predicated on a contract, as indicated in the text of 52 L. R. A. (N. S.) p. 979, above quoted, and the cases in support thereof following the same, or such obligation may be based upon the theory only of privity of estate, as indicated by the text before quoted from 36 A. L. R. p. 316, and 52 L. R. A. (N. S.) p. 980.

Hence the district court erred in concluding as a matter of law that the appellants, under the circumstances, were liable for the rent accruing under the lease in question after it was reassigned by them.

Of course, if the appellants, as assignees, had obligated themselves to assume the burdens of the lease for the entire term thereof, a different question would be presented, as indicated by the cases previously cited under this proposition. There being no such contract on the appellants' part, they are not liable for the rents and taxes under the lease in question accruing after the reassignment of the lease.

II. On this cross-appeal the appellee asks that the judgment of the district court be reversed because it does not include the judgment against appellants for $625, covering the rent for the month of March in the year 1932. This rent accrued after the aforesaid reassignment of the lease by the appellants. In view of the fact, then, that they are not liable for the rents and taxes accruing after that reassignment, as before seen, the appellee in no event would be entitled to the relief here asked.

Wherefore the judgment of the district court, in so far only as it entered judgment against the appellants, is reversed on their appeal; and, on the appeal of the appellee, the judgment is affirmed. —Affirmed on plaintiff's appeal; reversed on appeal of defendants Ben F. Cohen and Sol Panor.

STEVENS, MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.