*Municipal Court of the City of Boston*
No. 13529
**GENERAL PROPERTIES, INC.**
v.
**LOUIS A. GALLO**

(May 27 — August 11, 1960)

*Present:* Gillen, J. (Presiding), Shamon & Morrissey, JJ.

Case tried to *Lewiton, J.*

*Shamon, J.* In this action of contract the plaintiff seeks to recover rent and water charges due under a written lease of the premises numbered 33 Scollay Sq., Boston.

The lease was dated July 25, 1956 between the plaintiff and one Dominic Misiano, and by successive mesne assignments, was finally assigned to the defendant, who thereafter assigned it to one Delmar on May 1, 1959.

On April 11, 1957 the plaintiff and the defendant entered into an agreement under seal, wherein the plaintiff assented to the assignment of the lease to the defendant by a prior assignee and the defendant agreed to pay all rents and charges due under the terms of the original lease of July 25, 1956, and to "keep, observe and perform all of the terms, covenants and conditions contained in said lease"; that in the agreement of April 11, 1957 the defendant Gallo further agreed that he would not assign said lease without first obtaining the written consent of the lessor; that on May 5, 1959 the plaintiff assented to an assignment of the lease by the defendant to Delmar who subsequently failed to pay the rent and water charges due under the lease.

The defendant contends that he was released from liability under the lease because Delmar made substantial alterations to the premises with the permission of the plaintiff and without the knowledge and consent of the defendant and that, therefore, he should not be held responsible for the rent and charges which are the subject matter of the present action.

There was testimony by the defendant that his assignee Delmar, tore down a partition wall made of 2 x 4's nailed to the walls and floor and covered on the front side by sheathing and thereafter Delmar erected partitions making a small office of the space. There was no evidence indicating that the plaintiff or any of its agents were ever aware of any such changes. There was evidence that the defendant had paid all of the rent and water charges due from him up until the time of the assignmen of the lease to Delmar.

The court found that there were no material alterations made in the premises and that such as were made, were done without the knowledge or consent of the plaintiff.

The case is before the Appellate Division upon the denial of the defendant's request for ruling No. 3, which reads,

"The assent by the lessor to the assignment, accepting rent from the assignee and permitting material alterations on the demised premises — discharges the lessee from any subsequent breaches in the lease, one of which is the payment of rent."

There was no error in the denial of the defendant's third request. The judge found as a fact that no material alterations were made and that such alterations as were made were done without the knowledge or consent of the plaintiff.

It is elementary that findings of fact will not be reversed unless plainly wrong. *Monast v. Brodeur,* 329 Mass. 767; *Zeleski v. Zeleski,* 330 Mass. 132; *Trade Mutual v.*

*Peters,* 291 Mass. 79, 83-84; *Berry v. Kyes,* 304 Mass. 56, 57-58. Since the specific finding of the court in the denial of the defendant's third request was amply supported by the evidence and since such finding must be sustained, if it can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants, we conclude, therefore, that the judge's ruling was correct. *Di Noto v. Gilchrist Co.,* 332 Mass. 391; *Hosmer v. C.,* 302 Mass. 495; *Moss v. Old Colony Tr. Co.,* 246 Mass. 139; *State St. Tr. Co. v. Lawrence Mfg. Co.,* 284 Mass. 355.

*Report dismissed.*

Lawrence H. Adler of Boston, for the Plaintiff.

E. E. Cohen of Boston, for the Defendant in support of the contention that agreement between the lessor and the assignee of a lease which materially varies its terms, discharges the obligations of the original lessee unless he consents to the same, cited: *Fifty Associates v. Grace,* 125 Mass. 161; *Seeburger v. Cohen,* 215 Iowa 1088; *Kaskel v. Hollander,* 68 F2d 265.